365 So.2d 696 (1978)
Carl Ray SONGER, a/k/a Robert Berry, Appellant,
v.
STATE of Florida, Appellee.
No. 52642.
Supreme Court of Florida.
September 7, 1978.
Rehearing Denied December 21, 1978.
*697 Jack O. Johnson, Public Defender, W.C. McLain, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This case is before the Court for further review after remand of the imposition of a death sentence. In the original trial proceedings, the appellant was found guilty of first degree murder and sentenced to death by the trial judge after the jury returned an advisory recommendation of death. The conviction and sentence were previously affirmed by this Court, Songer v. State, 322 So.2d 481 (Fla. 1975), but the case was remanded to the trial court for resentencing as directed by the United States Supreme Court, Songer v. Florida, 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801 (1977), because of apparent noncompliance with the required guidelines announced in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).
At the resentencing hearing of August 17, 1977, appellant's counsel requested that another jury be impaneled by the trial court to hear testimony and make a sentence recommendation. He further requested that the court allow persons presently incarcerated in Raiford Prison to be summoned to appear on the defendant's behalf as character witnesses. These motions were denied.
The trial court stated that it would consider the same presentence investigation report which was used in the original sentencing procedure. The trial court expressly stated in the record that the only presentence investigation report considered was furnished to the State and the defendant both prior to the imposition of the original sentence and again prior to the subject resentencing. This report is limited to the appellant's criminal record.[1] The court allowed counsel an opportunity make arguments *698 and to refute matters contained in the presentence investigation report. Defense counsel presented no matters to refute the report, but instead asked for a more expansive presentence investigation. This request was not made until the moment of sentencing. The trial judge denied the request and sentenced the appellant to death for the same reasons as expressed in his previous order.[2]
*699 On this appeal from resentencing, two points are raised. First, appellant contends that the trial court erred in refusing to impanel a jury and conduct a new sentencing trial in accordance with Section 921.141, Florida Statutes (1975). It is the appellant's view that when the United States Supreme Court vacated the appellant's original sentence of death the sentence was thereby rendered void. Appellant submits that any subsequent sentence, to be lawfully imposed, must be preceded by another advisory sentencing before a jury under Section 921.141, Florida Statutes (1975). The State responds that both the United States Supreme Court and this Court intended that the case be remanded to the trial court for the very limited purpose of "consideration in light of Gardner v. Florida." Songer v. Florida, 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801 (1977). The State further asserts that the only question presented is whether the trial court complied with due process requirements of the Gardner decision, which directs that when a court imposes a sentence of death the defendant must have an opportunity to explain or rebut any information before the court on which the sentence is to be based.
In his second issue, the appellant argues that the trial court erred in refusing to allow him to subpoena prison inmates as character witnesses to speak on his behalf at the resentencing hearing. Appellant further contends that the court's refusal to allow the appellant to subpoena witnesses to testify at the hearing violates Rule 3.720(b), Fla.R.Crim.P., which requires the court to "[e]ntertain submissions and evidence by the parties which are relevant to the sentence." It appears that the appellant sought to have these inmate witnesses testify in mitigation of the sentence and not to contradict anything contained in the presentence investigation report; nothing appears in the record concerning the proffered substance of their testimony.
We disagree with both of appellant's contentions.
We hold that the trial court did not err in refusing to impanel a jury upon resentencing or to hear witnesses in mitigation of the sentence and that the trial court properly complied with Rule 3.720(b), Fla.R. Crim.P. This Court's order of May 17, 1977, remanded the case to the trial court for resentencing "only consistent with the opinion of the Supreme Court of the United States in Gardner." Under that order, the case was remanded to the trial court to ensure that the sentence was not imposed on the basis of any information which the appellant did not have an opportunity to rebut or explain. The record now reflects that there was no initial Gardner violation because trial counsel was given a copy of the presentence investigation report prior to the original sentencing. The trial court on remand clarified the record by showing that appellant's trial counsel had a copy of the presentence investigation at the first sentencing hearing. At the second sentencing hearing, the trial court also afforded appellant's counsel another opportunity to challenge the accuracy of the same presentence investigation report. The only response was a request for a more expansive report.
The evidence offered in mitigation of the sentence by asserted character witnesses who were Raiford inmates was not relevant at the hearing on remand. That *700 hearing was only for the purpose of allowing the defendant an opportunity to rebut what was contained in the presentence investigation report. Nothing was asserted or proffered that this testimony was necessary to rebut anything in the presentence investigation report. In the original sentencing proceeding appellant had been afforded an opportunity to present witnesses in mitigation of the sentence. The trial judge properly denied the request to subpoena these inmate witnesses.
We find there has been no violation of the requirements of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), and the sentence of death is affirmed.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.

ON REHEARING
Appellant has filed a motion for rehearing asserting that Florida's death penalty statute, Section 921.141, Florida Statutes (1975), is unconstitutional in light of the United States Supreme Court's recent decision in Lockett v. Ohio, ___ U.S. ___, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). We reject this contention and deny appellant's request for rehearing.
In Lockett, the Court held that Ohio's death penalty statute, which restricts the sentencing judge's consideration to the statutory list of mitigating factors, violates the eighth and fourteenth amendments to the United States Constitution. Appellant asserts that Florida's statute similarly prescribes an exclusive list of mitigating circumstances, relying principally on language from our decision in Cooper v. State, 336 So.2d 1133 (Fla. 1976), to the effect that unlisted mitigating circumstances should not be considered in sentencing for a capital crime.
In Cooper, this Court was concerned not with whether enumerated factors were being raised as mitigation, but with whether the evidence offered was probative. Chief Justice Burger, writing for the majority in Lockett, expressly stated that irrelevant evidence may be excluded from the sentencing process. 98 S.Ct. at 2965 n. 12. Cooper is not apropos to the problems addressed in Lockett.
As concerns the exclusivity of the list of mitigating factors in Section 921.141, the wording itself,[1a] and the construction we have placed on that wording in a number of our decisions, indicate unequivocally that the list of mitigating factors is not exhaustive. This was noted, in fact, in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).
We have approved a trial court's consideration of circumstances in mitigation which are not included on the statutory list in Washington v. State, 362 So.2d 658 (Fla. 1978); Buckrem v. State, 355 So.2d 111 (Fla. 1978); McCaskill v. State, 344 So.2d 1276 (Fla. 1977); Chambers v. State, 339 So.2d 204 (Fla. 1976); Meeks v. State, 336 So.2d 1142 (Fla. 1976); Messer v. State, 330 So.2d 137 (Fla. 1976); and Halliwell v. State, 323 So.2d 557 (Fla. 1975), among others. Obviously, our construction of Section 921.141(6) has been that all relevant circumstances may be considered in mitigation, and that the factors listed in the statute merely indicate the principal factors to be considered. This construction of the statute, and its continued validity, were noted most recently in Spinkellink v. Wainwright, 578 F.2d 582, 620-21 (5th Cir.1978), where the court was presented with an identical challenge to our death penalty statute based on Lockett v. Ohio.
Florida's death penalty statute, unlike the Ohio statute found invalid in Lockett, does not violate the eighth and fourteenth amendments to the United States Constitution. Accordingly, appellant's motion for rehearing is denied.
*701 ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] Re: SONGER, Carl Ray 42-667

Dear Judge Booth:
As per your request the following is submitted: The above captioned white male is known under FBI # 634 736 G and has the following criminal record:

Place Date Charge Disposition
USM Tyler, Tex. 9-27-68 Dyer Act 2 yrs. Cust. Count I,
5 yrs. Cust. Count II,
5 yrs. to begin at
completion of Count I
PD Paris, Tex. 9-27-68 Dyer Act To Fed. Auth., Dallas
Fed. Corr. Inst.
Seagoville, Texas 10-24-68 VNMVTA 2-5 yrs. prob. to
Fed. Ref. follow
El Reno, Okla. 1-7-69 I/S transp. 2-5 yrs. prob.
stolen veh.
S.O. Okla. City, Okla. 12-18-70 Forgery 2nd No disposition shown
Degree
S.O. Antlers, Okla. 11-2-71 Illegal poss. $115 & 30 days in
of deer meat County Jail
S.O. Okla. City, Okla. 12-6-71 Vio. S/S No disposition shown
S.O. Anters, Okla. 7-5-72 Auto Theft No disposition shown
S. Pen.
McAlester, Okla. 7-28-72 Larc. of Auto 3 yrs. transf. to OSP
S. Ref.
Granite, Okla. 9-20-72 Larc. of Auto 3 yrs.

Due to the fact I did not have the opportunity to personally interview the subject, I can provide no personal background on him. At present there is a hold placed on the subject by the Oklahoma authorities. This is a felony arrest warrant from Oklahoma stating that on 11-10-73, the subject did feloniously break and escape from the Lexington Community Treatment and Rehabilitation Center where he was confined for three years.
Other correspondence indicates that this subject and Ronald B. Jones are suspects in several B&E's, due to the fact that upon their arrest for this instant offense were found several credit cards and checkbooks from various individuals.
I trust that the above information will be helpful in disposition in this case. If additional information is needed, please advise.
 Sincerely,
 /s/ Michael C. Dippolito,
 District Supervisor

[2] THIS CAUSE coming on this day to be considered pursuant to the provisions of Section 921.141, Florida Statutes, after (1) conviction of the defendant Carl Ray Songer, a/k/a Robert Berry, of Murder in the First Degree, by a duly impaneled jury and his adjudication of guilt of such offense, (2) the rendition by such jury at the conclusion of the sentencing proceeding of an Advisory Sentence recommending the imposition of the death sentence, (3) the receipt of a pre-sentence investigative report on said defendant by the undersigned, copy of same in its entirety having been furnished to both the State and Defense prior to the original sentencing, (4) the filing of "Findings of Fact" and the imposition of the death sentence on February 28, 1974, (5) the remand by the Florida Supreme Court to this Court for re-sentencing only consistent with the opinion of the United States Supreme Court of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), and proceeding only consistent therewith finds

(a) that the only pre-sentence investigative report considered in arriving at the disposition made at the original sentencing is the report referred to in (3) above, copy of same in its entirety being attached.
(b) that the only pre-sentence investigative report to be considered at the re-sentencing is the report referred to in (3) above, copy of same in its entirety being attached
and after carefully considering and weighing the evidence presented during such trial and the original sentencing proceeding, the original arguments and arguments made today of the attorneys as to the sentence to be imposed and reviewing again the factual information contained in said pre-sentence investigation, the undersigned concludes and determines that aggravating circumstances exist, to-wit: (1) The capital felony was committed to disrupt or hinder the lawful exercise of a governmental function or the enforcement of laws, and (2) The capital felony was committed by a person under sentence of imprisonment; and that such aggravating circumstances outweighs the mitigating circumstances, to-wit: none; and based upon the records of such trial and sentencing proceedings makes the following findings of facts, to-wit:
1. A Capital felony, namely Murder in the First Degree, was committed by the defendant Carl Ray Songer to disrupt or hinder the victim, namely Ronald G. Smith, from the lawful exercise of a governmental function, or the enforcement of laws; all as is reflected by the testimony of Ralph Morris and Richard Starling, showing that at the time and place of the commission of such capital felony:
(a) the victim, a Trooper while on active duty and in full uniform of the Florida Highway Patrol approached a vehicle for the purpose of making a routine inspection or [sic] what appeared to be an abandoned or stolen vehicle;
(b) the defendant did shoot and kill said victim who was then and there attempting to enforce the laws of the State of Florida or lawfully exercise a governmental function;
(c) the defendant did shoot and kill said victim without justification, cause or provocation.
2. A capital felony, namely Murder in the First Degree, was committed by the defendant Carl Ray Songer who was then under sentence of imprisonment, namely three years in the Oklahoma State Prison, as is shown and reflected by the testimony of Joe Smith, Chief Security Officer of Lexington State Prison, Lexington, Oklahoma, and other testimony presented during such trial and sentencing proceeding, all reflecting that:
(a) on the 28th day of July, 1972, he was sentenced to a term of three years in the State Prison of the State of Oklahoma for the larceny of an automobile;
(b) on the 10th day of November, 1973, while serving such sentence he escaped from the prison system of the State of Oklahoma;
(c) at the time of the commission of such capital felony the defendant was under such sentence of imprisonment;
and based thereon concludes that the death sentence should be imposed upon said defendant.
 DATED this 17th day of August, 1977.
 /s/ 
 JOHN W. BOOTH, Circuit Judge

[1a] Unlike Section 921.141(5), which provides that "[a]ggravating circumstances shall be limited," Section 921.141(6) provides that "[m]itigating circumstances shall be" those enumerated. In Lockett, at 2966 n. 15, the Court emphasized the reliance of six justices in Proffitt on the distinction between these two subsections.