419 So.2d 1044 (1982)
Carl Ray SONGER, Appellant,
v.
STATE of Florida, Appellee.
No. 59852.
Supreme Court of Florida.
September 9, 1982.
Rehearing Denied October 29, 1982.
*1046 Joseph Jordan of Bailey & Jordan, West Palm Beach, for appellant.
Jim Smith, Atty. Gen. and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
ADKINS, Justice.
We have for review an appeal from an order denying a motion to vacate judgment and death sentence. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellant, Carl Ray Songer, was convicted of first-degree murder and sentenced to death. This Court affirmed both the conviction and the sentence. See Songer v. State, 322 So.2d 481 (Fla. 1975) (Songer I). The United States Supreme Court vacated appellant's sentence and remanded the case to this Court for reconsideration in light of the ruling in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). See Songer v. Florida, 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801 (1977).
This Court, in turn, remanded the case to the trial court for resentencing where appellant was again sentenced to death. We affirmed the second sentence. See Songer v. State, 365 So.2d 696 (Fla. 1978) (Songer II).
In September, 1980, a warrant ordering appellant's execution during the week of October 3-10, 1980, was signed by the governor. Execution was stayed by this Court and the warrant has expired. Appellant requested a hearing before the trial court on a motion to vacate judgment and death sentence. The request for a hearing was granted and the hearing set for the day requested.
At the hearing, appellant orally moved for a thirty-day continuance of the hearing and was refused. At the conclusion of the hearing, the trial court denied the motion to vacate. This appeal followed.
Appellant first argues that at sentencing, the court failed to instruct the jury that the state had the burden of proving beyond a reasonable doubt that the death penalty was appropriate. Instead, he contends, the jurors were given the impression that there was a presumption of aggravating circumstances and that appellant had to prove that he was worthy of mercy. The failure to raise this issue on direct appeal does not bar its consideration now, he asserts, because an issue of fundamental error may be raised at any time.
We do not agree that the trial court fundamentally erred on this point and do agree with the trial court that the issue should have been raised on direct appeal. We note in passing, however, that appellant was not burdened with proving that he should not be put to death  the state properly was required to show the existence of aggravating factors warranting the sentence imposed.
Appellant's claim that the trial court failed to properly instruct the jury on the scope of mitigating circumstances which may be considered in sentencing has already been considered by this Court. See Songer II, on rehearing. Thus, it too is not a proper issue for review in this proceeding.
*1047 The questions of whether appellant, on resentencing, actually saw his presentence investigation report, whether the homicide was committed to disrupt a governmental function, whether appellant's age or his "insignificant" criminal history should have been considered as mitigating factors, whether appellant was under a sentence of imprisonment at the time that he committed the act, and whether the jury should have been informed of the legal consequences of a life sentence are all matters which should have been raised on direct appeal. As such, we will not consider them in a 3.850 proceeding.
The next point raised, whether appellant was deprived of effective assistance of counsel at all stages of his trial, is cognizable in a 3.850 proceeding, but we do not agree that the representation provided was ineffective. Appellant first argues that his attorney only consulted him on three occasions prior to trial, and never for more than an hour. The trial court, however, found that the two men had several conferences on a variety of subjects, and we accept that finding as correct.
As further evidence of inadequate representation, appellant notes that no witnesses were called to testify regarding his drug usage. He lists several people, including his companion at the time of the killing, whose testimony supposedly could have been used to assert a defense of impaired mental condition resulting from extensive drug use. Appellee responds, and we agree, that appellant's trial counsel avoided such testimony for tactical reasons, obviously did not believe that a voluntary intoxication defense would be effective, and probably feared the type of information which might be disclosed on cross-examination of the suggested witnesses. We will not use hind-sight to second guess counsel's strategy, and so long as it was reasonably effective based on the totality of the circumstances, which it was, it cannot be faulted. See Meeks v. State, 382 So.2d 673 (Fla. 1980). That the strategy did not prove successful, from appellant's point of view, does not mean that the representation was inadequate.
The same is true with regard to the legal representation at the sentencing and resentencing phases of the trial. Appellant was put on the stand to testify on his own behalf, but his counsel need not have called other witnesses in an attempt to prove the existence of other mitigating circumstances which he evidently did not believe existed. And, as appellee notes, counsel's failure to give a closing argument at the penalty phase was not without reason; the state, in return, waived argument of aggravating factors. Finally, although appellant claims that there is no showing that even after his Gardner hearing he was ever shown his presentence report, he fails to allege that he was damaged thereby. Also, it is clear that his attorney did see the report. The burden of showing representation so inadequate that a new proceeding is required has not been met.
As his third point, appellant argues that the trial court erred in refusing his motion for a thirty-day continuance of the hearing on his rule 3.850 motion. He contends that the time was needed to find expert witnesses to testify about demographics and the effects of extended drug usage. Because the extra time was not given, states appellant, the hearing on the motion to vacate was not a full or fair one. The facts suggest otherwise.
Appellant's counsel in the rule 3.850 proceeding was appointed six months before the hearing was held. That was more than enough time to look for and confer with expert witnesses.
The date on which the rule 3.850 hearing was set and held was that requested by appellant. It was not sprung on him unannounced or in any other surprising fashion. His attorney telephoned the presiding judge several days in advance and asked that it be set on that day or the one before it.
The explanation of why the continuance was required was vague and inconclusive. No experts were named and there was no indication of what they were intended to prove that would be relevant in a *1048 3.850 proceeding. The motion for continuance seems quite illusory; an attempt to buy time, hoping that something might turn up at some point. Considering the foregoing, the trial court did not abuse its discretion by denying the motion for continuance.
The last point raised is that the trial court erred in finding Florida's death penalty statute constitutional. We have held, however, that it is not unconstitutional. Booker v. State, 397 So.2d 910 (Fla. 1981).
Having reviewed each point raised by appellant, and finding that none warrant disturbance of the trial court's ruling herein, the same is hereby affirmed.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON and SUNDBERG, JJ., concur.
McDONALD, Justice, dissenting:
I dissent because I think the penalty instructions were constitutionally infirm.