423 So.2d 355 (1982)
Carl Ray SONGER, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary of the Department of Corrections and Richard L. Dugger, Superintendent of Florida State Prison, Starke, Respondents.
No. 62891.
Supreme Court of Florida.
December 1, 1982.
*356 Joseph Jordan, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and Peggy Quince and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for respondents.
ADKINS, Justice.
By habeas corpus, petitioner Carl Ray Songer contends that he received ineffective assistance of counsel on his direct appeal from a judgment of guilt and sentence of death, Songer v. State, 322 So.2d 481 (Fla. 1975) (Songer I), and on an appeal from resentencing, Songer v. State, 365 So.2d 696 (Fla. 1978) (Songer II), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979).
We have previously affirmed an order of the trial court denying a motion to vacate which was filed by petitioner. Songer v. State, 419 So.2d 1044 (Fla. 1982) (Songer III).
Petitioner claims he was prejudiced by having to go forward by calling the first witness at the penalty phase of his trial with mitigating evidence and argues the burden of persuasion was improperly shifted to him. Petitioner was not prejudiced by appellate counsel's failure to raise this point on appeal, as the contention is without merit. Mitigating circumstances are offered during the penalty phase to show the totality of the circumstances. The evidence is offered to show that the circumstances warrant less than the penalty of death. There is no improper shifting of the burden of persuasion. See Jackson v. Wainwright, 421 So.2d 1385 (Fla. 1982).
Petitioner next argues that this Court never gave him a proper, full review because appellate counsel failed to include the charge conference in the record and failed to contest its absence. It is true, as he says, that in all capital cases the appellant has an absolute, fundamental right to have his entire record reviewed. Delap v. State, 350 So.2d 462 (Fla. 1977). All instructions in capital cases are required to be in writing. Fla.R.Crim.Proc. 3.390. As long as all instructions are required to be in writing, and all were in the trial of this case, the statements made by the court and the attorneys at the charge conference become immaterial. The petitioner could suffer no prejudice from the failure to include such statements in the record. Also, there was no objection made by trial counsel and appellate counsel was thereby precluded from raising the question on appeal.
Petitioner next contends that appellate counsel was ineffective because of his failure to raise the question of whether the homicide for which petitioner was convicted was committed to disrupt a governmental function. Although the issue of whether the homicide was committed to disrupt a governmental function was not raised in petitioner's direct appeal brief, it was nonetheless discussed by the Court in Songer v. State, 322 So.2d 481 (Fla. 1975) (Songer I) on page 484. Petitioner has failed to demonstrate *357 that he was prejudiced in any way because of failure of his counsel to raise this issue instead of the Court's pursuing the matter on its own volition.
Petitioner argues that appellate counsel was ineffective because of his failure to raise the question of whether petitioner, on resentencing, actually saw his presentence investigation report. This argument was resolved by the Court in petitioner's appeal from resentencing. Songer v. State, 365 So.2d 696 (Fla. 1978) (Songer II). It appears from this opinion that trial counsel was given a copy of the presentence investigation report prior to the original sentencing. On remand the trial court clarified the record by showing that petitioner's trial counsel had a copy of the presentence investigation at the first sentencing hearing. At the second sentencing hearing, the trial court also offered petitioner's counsel another opportunity to challenge the accuracy of the same presentence investigation report. See Songer II, 365 So.2d at 699.
The other questions presented in the petition for writ of habeas are also without merit.
The defendant has the burden to show that any specific omission or overt act by appellate counsel was a substantial and serious deficiency measurably below that of competent counsel. Petitioner also has the burden to show that any specific, serious deficiency, when considered under circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant. Knight v. State, 394 So.2d 997 (Fla. 1981). These burdens have not been met by petitioner.
The petition for writ of habeas corpus is dismissed, and the motion for stay of execution is denied. No rehearing will be allowed.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.