**Carl Ray SONGER, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, etc., and Richard L. Dugger, etc., Respondents-Appellees.**

No. 83–3500.

United States Court of Appeals, Eleventh Circuit.

May 18, 1984.

Rehearing and Rehearing En Banc Denied June 26, 1984.

Joseph Jordan, West Palm Beach, Fla., for petitioner-appellant.

Frank Lester Adams, III, Peggy A. Quince, Asst. Attys. Gen., Tampa, Fla., for respondents-appellees.

Before RONEY and VANCE, Circuit Judges, and SIMPSON, Senior Circuit Judge.

RONEY, Circuit Judge:

In 1974, Carl Ray Songer was convicted of the first-degree murder of a Florida Highway Patrolman and sentenced to death. The Florida Supreme Court affirmed in *Songer v. State,* 322 So.2d 481 (Fla.1975) (*"Songer* I"), but the United States Supreme Court subsequently vacated and remanded for reconsideration of the sentence in light of *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393. *Songer v. Florida,* 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801 (1977). The death penalty was reimposed by the trial judge in

August of 1977, and reaffirmed by the Florida Supreme Court in *Songer v. State,* 365 So.2d 696 (Fla.1978) (*"Songer* II"), *cert. denied,* 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979).

Following the issuance of the first of two death warrants in September of 1980, Songer filed a motion to vacate judgment and death sentence pursuant to Fla.R.Crim.P. 3.850. The motion was denied after a hearing before the trial court, and the Florida Supreme Court affirmed the denial in *Songer v. State,* 419 So.2d 1044 (Fla.1982) (*"Songer* III"). When the second death warrant was issued in November of 1982, Songer filed a habeas corpus petition in the Florida Supreme Court. The petition was denied in *Songer v. Wainwright,* 423 So.2d 355 (Fla.1982) (*"Songer* IV"), and a federal habeas corpus petition was filed by the defendant. The district court denied relief following a hearing, *Songer v. Wainwright,* 571 F.Supp. 1384 (M.D.Fla.1983), and this appeal followed.

On appeal, Songer's argument focuses upon the following points: (1) ineffective assistance of trial counsel, including: failure to investigate alternative defenses, refusal to develop testimony Songer requested, failure to investigate defendant's background for mitigating factors in preparation for sentencing, failure to prepare for cross-examination of witnesses, failure to present a final argument at the penalty phase, and failure to object at the sentencing hearing when defendant's evidence in mitigation was presented prior to the state's case; (2) violation of defendant's right to procedural due process at the penalty phase due to: defendant's evidence being presented prior to the state's case, jury instructions which improperly limited the jury's consideration of mitigating circumstances and which did not specify that the state bore the burden of proving that the defendant should receive the death penalty, failure to instruct the jury that aggravating circumstances must be established beyond a reasonable doubt, the application of an unconstitutionally vague aggravating circumstance, and the lack of a transcript

of the charge conference; (3) ineffective assistance of counsel on appeal, including: failure to raise the issue of the lack of a charge conference transcript, and failure to raise the due process claim regarding the order of the parties' presentations at the penalty phase; and (4) a *Gardner* violation consisting of trial counsel's failure to review the pre-sentence investigation report with the defendant before sentencing, and the trial court's denial of Songer's motions to produce witnesses at the re-sentencing hearing. We affirm.

The killing occurred on December 23, 1973, when Trooper Ronald G. Smith of the Florida Highway Patrol stopped to check a vehicle parked on a gravel road about fifty yards from the highway near Crystal River, in Citrus County, Florida. Two hunters who were about thirty feet behind Officer Smith saw Smith approach the car, talk with Ronald Jones, defendant's companion, search Jones at the rear of the vehicle, and return to the car with his hand on his pistol. He leaned into the car, and a fusillade of shots ensued. Trooper Smith died from loss of blood resulting from four bullet wounds in the upper body and a wound in one knee. The defendant came out of the back seat of the automobile, shot once toward the hunters, jumped back into the car, and with Jones driving, attempted to leave the scene.

Songer testified at trial that at the time of the shooting, he was under the influence of drugs and that he woke to find a "vision"—an arm that was pulling him—so he rolled to the floor of the car where he got his single action gun and fired repeatedly at the vision. After the shooting, Songer's gun contained six empty cartridges.[1]

At trial, Songer's chief defense was lack of premeditation. Songer's principal argument on this collateral attack appeal is that his trial counsel was ineffective at the guilt/innocence stage because he refused to investigate the viability of a self-defense claim. Specifically, defendant contends

that his trial attorney rejected without any investigation the defense that because Songer had regularly injected methamphetamine in the months before the killing, he was under the influence of the drug at the time of the shooting, so that when Officer Smith leaned over him, he saw only a huge silver pistol at which he fired in an effort to protect himself. This defense would have required extensive testimony about defendant's past use of drugs. Defendant's trial counsel stated that he did not raise the defense because he believed that such evidence of drug use would prejudice his client in the minds of the jurors.

Both the state trial court and the federal district court considered defendant's ineffective assistance of counsel claims in evidentiary hearings. The district court found as a fact that Songer's trial counsel could reasonably have determined that a jury would find the defenses of lack of premeditation and self-defense inconsistent, and that the facts that would need to be developed for a self-defense theory would be prejudicial. The court noted that by relying upon the theory that he chose, defense counsel was able to utilize the tactical advantage of presenting the first opening and the final closing arguments to the jury. Had he presented the proposed self-defense claim, he would have been compelled to call additional witnesses, thereby forfeiting this advantage.

■ The district court concluded that this case may be categorized as one in which counsel "fails to conduct a substantial investigation into one plausible line of defense because of his reasonable strategic choice to rely upon another plausible line of defense at trial." 571 F.Supp. at 1389–90 (citing *Washington v. Strickland*, 693 F.2d 1243, 1254–56 (5th Cir. Unit B 1983) (en banc), *rev'd,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Songer's trial counsel made a tactical decision to rely on the fact that the state's evidence would not be sufficient to prove premeditation, rather

---

**1.** A more detailed version of the circumstances surrounding the killing is set out in *Songer* I,

322 So.2d at 482–83.

than proceeding on a theory of self-defense. A decision such as this one falls into the·"amorphous zone known as 'trial strategy' or 'judgment calls'" and cannot form the basis for claims of ineffective assistance of counsel. *Jones v. Estelle*, 632 F.2d 490, 492 (5th Cir.1980), *cert. denied*, 451 U.S. 916, 101 S.Ct. 1992, 68 L.Ed.2d 307 (1981). Further investigation by counsel would not have altered the conclusion, based on counsel's many years of criminal litigation experience, that jury prejudice would result from the presentation of extensive proof of defendant's long-term drug use.

■ The remainder of Songer's claims regarding the ineffectiveness of his trial counsel have been carefully reviewed by state courts and by the federal district court, and found to be without merit. The factual findings of the district court in this regard were not clearly erroneous.[2] *See Pullman-Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). Songer primarily alleges that counsel failed to adequately prepare for the guilt/innocence and sentencing proceedings. This is unpersuasive in light of trial counsel's testimony in the Florida 3.850 hearing that he reviewed all of the physical evidence in the prosecutor's possession, including the witnesses' statements and the police and lab reports, that he discussed the state's evidence with his client before trial, and that he was not surprised by any evidence presented at trial. Defendant's claim is further undermined by the quality of counsel's performance throughout the proceedings, as reflected in the record. Defendant has failed to meet his burden of demonstrating by a preponderance of the evidence that his counsel was ineffective, either at trial or on appeal. *See United States v. Killian*, 639 F.2d 206, 210 (5th Cir.1981).

Defendant's second major claim on appeal is that he was denied constitutional procedural due process in the penalty phase of his trial. Specifically, he asserts that he is entitled to resentencing by a different jury because he testified in the sentencing hearing before the state presented its witness and the judge did not properly instruct the jury: (1) that aggravating circumstances must be proved by the state beyond a reasonable doubt, (2) that the state has the burden of showing that aggravating circumstances outweigh mitigating circumstances, (3) that mercy may be recommended by the jury even if aggravating circumstances are found; and (4) that the scope of mitigating circumstances that could be considered was not limited to those listed in the statute.

---

**2.** Specifically, the district court found the following facts:

  a. Counsel's strategic choice to pursue the "lack of premeditation" defense was reasonable.

  b. Counsel devoted sufficient time to the case to insure an adequate defense and familiarize himself with the facts and applicable law.

  c. There was evidence of bullet angles in the record; therefore, argument based on that evidence was proper.

  d. There were not repeated references to appellant's alias, and that alias was explained.

  e. The failure to object to argument of the victim's age of 26 was not substantial.

  f. The exclusion of venirewoman Lucy Milton was proper; she made it clear she could not bring back a verdict of guilty.

  g. A reading of complete instructions indicates the arguably erroneous instruction on circumstantial evidence could not have misled the jury.

  h. The character mitigating evidence would have been a general affirmation of good behavior as a child and young adult offered by family and friends; such evidence was unlikely to make a difference.

  i. Counsel did discuss character witnesses with the defendant, but counsel rejected their use.

  j. There was testimony elicited at the penalty phase concerning the nonviolent nature of appellant's prior offenses.

  k. There was no reason to call the Matthews in the penalty phase since counsel had abandoned the "drug defense."

  l. The absence of drug evidence in the penalty phase was strategic.

  m. The waiver of final argument at the penalty phase was strategic in that the prosecutor likewise waived final argument.

  n. Appellant's resentencing was conducted within the scope of the *Gardner* remand.

At the sentencing hearing, the defense presented its testimony in mitigation first. Songer testified regarding his prior criminal record, his non-violent escape from Oklahoma, and his age. The state's witness, an official from the Oklahoma work release program from which Songer escaped, then testified. Both parties waived argument after the testimony was presented.

■ The district court properly found that the errors alleged do not render Songer's sentence constitutionally defective. That defendant presented his mitigation case before the state presented its witness did not unconstitutionally shift the burden of proof to defendant. As the Florida Supreme Court noted in *Songer* IV, 423 So.2d at 356, "[m]itigating circumstances are offered during the penalty phase to show the totality of the circumstances. The evidence is offered to show that the circumstances warrant less than the penalty of death. There is no improper shifting of the burden of persuasion." *See also Jackson v. Wainwright*, 421 So.2d 1385, 1389 (Fla. 1982).

As for the allegedly flawed instructions to the jury regarding aggravating and mitigating circumstances, defendant failed to object to the trial court's instructions at the time they were issued as required by Fla.R. Crim.P. 3.390(d). In fact, defense counsel specifically indicated that he had no objection to the instructions. Defendant likewise failed to raise these claims on direct appeal. When this claim was first presented on appeal from the denial of defendant's motion under Fla.R.Crim.P. 3.850, the Florida Supreme Court expressly held that the error alleged was not fundamental, and was therefore not properly reviewable because no objection had been lodged at the hearing. *Songer* III, 419 So.2d 1044.

■ Without objection below, a defendant is entitled to review of a claim of error in the instructions to the jury only if he can show cause for his failure to object, and actual prejudice resulting therefrom. *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982). The

district court properly held that because defendant alleged neither cause nor prejudice, he is now barred from raising these claims.

Finally, the instruction given by the trial court as to consideration of aggravating and mitigating circumstances was not objected to at the hearing, and is the same type of instruction upheld in *Ford v. Strickland*, 696 F.2d 804 at 812, (11th Cir. 1983), where the Court noted that

the trial court read the statute as written, setting forth the entire list of statutory mitigating circumstances, which statute omits the word "only." The Supreme Court has recognized the Florida Statute does not limit a jury's consideration of mitigating circumstances to those listed in the statute.

(citations omitted). *See also Spinkellink v. Wainwright*, 578 F.2d 582 (5th Cir.1978), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979); *Alvord v. Wainwright*, 564 F.Supp. 459 (M.D.Fla.1983).

■ The district court properly found that the failure to record the charge conference did not amount to a constitutional deprivation. Defendant has failed to demonstrate that the lack of a transcript of this proceeding rendered the record presented to the reviewing courts "so deficient that it would be impossible for [them] to perform the function required of [them] under *Gregg* [*v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859], or would create 'a substantial risk that the penalty is being inflicted in an arbitrary and capricious manner,'" or that he was "actually prejudiced" by the absence of the transcript. *Stephens v. Zant*, 631 F.2d 397, 403 (5th Cir.1980), *modified on other grounds*, 648 F.2d 446 (5th Cir.1981), *cert. denied*, 454 U.S. 1035, 102 S.Ct. 575, 70 L.Ed.2d 480 (1983) (citations omitted).

■ Songer contends that the rule in *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), which requires that a defendant be given an opportunity to explain or rebut information which the court may rely upon in sentencing, was violated because his trial counsel did not review his pre-sentence investigation with

him "at any meaningful time," and because the trial court denied his motions to produce witnesses in the resentencing proceeding which followed the Supreme Court's remand of *Songer* I. *See Songer* II, 365 So.2d 696 (Fla.1978), *cert. denied,* 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979). This claim has been reviewed and rejected by both the Florida Supreme Court and the federal district court. We affirm the holding and analysis of the district court on this issue without further discussion.

Defendant adopts, without extensive argument, all of the numerous additional claims raised in his habeas corpus petition. These claims were rejected by the district court in a thorough and carefully reasoned opinion. 571 F.Supp. at 1384. Defendant properly refrains from repetitious argument on these points, as there are no contentions which have not been adequately addressed in prior proceedings and properly denied. For the purpose of reflecting for the record all of the claims considered by the district court and asserted on this appeal, we attach to the manuscript opinion as an Appendix, which is not to be published, a copy of the relevant portion of the Petition for Writ of Habeas Corpus filed with the district court.

AFFIRMED.