463 So.2d 229 (1985)
Carl Ray SONGER, Appellant,
v.
STATE of Florida, Appellee.
No. 66472.
Supreme Court of Florida.
January 31, 1985.
*230 Howard W. Babb, Jr., Public Defender, Tavares, for appellant.
Jim Smith, Atty. Gen., Peggy Ann Quince and Ann Garrison Paschall, Asst. Attys. Gen., Tampa, for appellee.
ADKINS, Justice.
Carl Ray Songer appeals the denial of his second motion to vacate judgment and death sentence. He also files an application of stay of execution. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Songer was convicted of the first-degree murder of Florida Highway Patrolman Ronald G. Smith and sentenced to death. The facts of the case are set forth in the first direct appeal to this Court in which we affirmed the conviction and sentence. Songer v. State, 322 So.2d 481 (Fla. 1975) (Songer I). The United States Supreme Court-vacated appellant's sentence and remanded the case to this Court for reconsideration in light of the ruling in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). Songer v. Florida, 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801 (1977).
On remand to the trial court for resentencing a death sentence was again imposed. We affirmed the second sentence. Songer v. State, 365 So.2d 696 (Fla. 1978) (Songer II).
Appellant subsequently filed his first motion to vacate judgment and sentence and this Court affirmed the order of the trial judge denying relief. Songer v. State, 419 So.2d 1044 (Fla. 1982). (Songer III).
A petition for habeas corpus alleging ineffective assistance of counsel on his direct appeal and his appeal from resentencing was then filed in this Court. We dismissed the petition and denied the motion for a stay of execution. Songer v. State, 423 So.2d 355 (Fla. 1982) (Songer IV).
Appellant then raised his state court claims in a petition for writ of habeas corpus in the federal district court. The petition was denied. Songer v. Wainwright, 571 F. Supp. 1384 (M.D.Fla. 1983). The Eleventh Circuit affirmed the denial of the writ. Songer v. Wainwright, 738 F.2d 451 (11th Cir.1984). A petition for writ of certiorari was denied by the United States Supreme Court. Songer v. Wainwright, ___ U.S. ___, 105 S.Ct. 817, 83 L.Ed.2d 809 (1985).
After relief was denied in the federal courts on appellant's habeas corpus petition, he once again filed a 3.850 motion in the circuit court. This appeal comes to us from the denial by the circuit court of appellant's second motion to vacate.
In his appeal to this Court Songer argues that he was denied a full and fair individualized sentencing hearing at his trial in 1974 because his defense counsel reasonably believed, and this belief was shared by the trial judge and the prosecutor, that Florida law at that time precluded the admission of any mitigating character evidence other than that enumerated in the applicable statute, section 921.141(6), Florida *231 Statutes (1983). He contends that he has newly discovered evidence that will prove his claim. This evidence consists of the testimony of trial defense counsel at the hearing that he believed he was precluded from offering any non-statutory mitigating evidence and the testimony of a juror at Songer's trial that she believed she could only consider the statutorily enumerated mitigating factors.
Regarding the testimony of the juror, the trial judge properly determined that it was not admissible under section 90.607(2)(b), Florida Statutes (1983), which provides:
Upon an inquiry into the validity of a verdict or indictment, a juror is not competent to testify as to any matter which essentially inheres in the verdict or indictment.
See also McAllister Hotel, Inc. v. Porte, 123 So.2d 339 (Fla. 1960), and Linsley v. State, 88 Fla. 135, 101 So. 273 (1924). That leaves only the testimony of defense counsel and appellant has provided no compelling reason to this Court why that testimony was not available at the time appellant filed his first 3.850 motion. Furthermore, the issue of the presentation of mitigating evidence under Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), was addressed by this Court in Songer II on rehearing where we held that neither the wording of section 921.141 nor our previous decisions precluded the introduction of nonstatutory mitigating evidence. 365 So.2d at 700. The law in Florida is that a trial court is not obligated to entertain a successive 3.850 motion which raises grounds previously raised and disposed of on the merits in a prior 3.850 proceeding. McCrae v. State, 437 So.2d 1388 (Fla. 1983). Appellant's claim that he has been subjected to cruel and unusual punishment by his eleven-year stay on death row and his three trips to the death watch is without merit. Thus, we hold the trial judge did not err in the denying appellant's motion to vacate.
In conclusion, we affirm the order of the trial court denying appellant's motion to vacate judgment and sentence. Appellant's motion for a stay of execution is also denied.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.