**Carl Ray SONGER, Petitioner,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, and Richard L. Dugger, Superintendent, Florida State Prison, Starke, Florida, Respondents.**

No. 85–14–Civ–Oc–12.

United States District Court,
M.D. Florida,
Ocala Division.

Feb. 2, 1985.

Deval L. Patrick, New York City, and Dorean Koenig, Cooley Law School, Lansing, Mich., for petitioner.

Peggy A. Quince, Asst. Atty. Gen. of Fla., Tampa, Fla., for respondents.

## OPINION AND ORDER DENYING SECOND PETITION FOR WRIT OF HABEAS CORPUS

MELTON, District Judge.

This cause came before the Court on Second Petition for Writ of Habeas Corpus, filed on January 31, 1985, by CARL RAY SONGER, a death-row inmate at Florida State Prison. On the same date, respondents filed their response to the petition. On February 1, 1985, the Court heard argument on all the grounds raised in the petition. After extensively reviewing the entire record herein, and after carefully considering argument of counsel for the respective parties, the Court is of the opinion that the second petition should be dismissed pursuant to Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts.

### PROCEDURAL HISTORY

On December 23, 1973, petitioner was charged with the first-degree murder of Florida Highway Patrolman Ronald Smith on a rural road in Citrus County, Florida. The trial was transferred to Osceola County, Florida. The petitioner was convicted of first-degree murder, and judgment of conviction was entered on February 27, 1974. On the same date, the jury returned an advisory sentence recommending the death penalty, and the trial judge imposed the sentence of death. The Supreme Court of Florida affirmed petitioner's judgment

and sentence in *Songer v. State,* 322 So.2d 481 (Fla.1975). The Supreme Court of the United States, however, in *Songer v. Florida,* 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 81 (1977), vacated the sentence and remanded for reconsideration in light of the ruling in *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). On remand for resentencing, the trial judge reimposed the death sentence on August 17, 1977. The Supreme Court of Florida again affirmed the sentence of death in *Songer v. State,* 365 So.2d 696 (Fla.1978), and the United States Supreme Court denied certiorari in *Songer v. Florida,* 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979).

In September 1980, the Governor of Florida signed a death warrant ordering petitioner's execution during the week commencing October 3, 1980. Pursuant to Rule 3.850, Fla.R.Crim.P., petitioner filed a Motion to Vacate Judgment and Death Sentence on September 24, 1980 [hereinafter first 3.850 motion]. After a hearing [hereinafter first 3.850 hearing], the trial judge denied petitioner's first 3.850 motion in an order entered September 30, 1980 [hereinafter first 3.850 order]. Petitioner's execution, however, was stayed by the Supreme Court of Florida on September 26, 1980, upon the filing by petitioner and 122 other death-row inmates of an application for extraordinary relief and petition for writ of habeas corpus, which was subsequently denied in *Brown v. Wainwright,* 392 So.2d 1327 (Fla.), *cert. denied,* 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981).

The trial court's denial of petitioner's first 3.850 motion was affirmed by the Supreme Court of Florida on September 9, 1982. *Songer v. State,* 419 So.2d 1044 (Fla.1982). On November 5, 1982, the Governor of Florida signed a second death warrant and petitioner's execution was scheduled for December 7, 1982. On November 22, 1982, petitioner filed in the Supreme Court of Florida a petition for writ of habeas corpus, which was denied in *Songer v. Wainwright,* 423 So.2d 355 (Fla.1982).

On December 1, 1982, petitioner filed in this Court his first petition for writ of habeas corpus [hereinafter first petition] and an application for stay of execution. On December 3, 1982, this Court granted a stay of execution pursuant to the mandate of the United States Court of Appeals for the Eleventh Circuit [hereinafter Eleventh Circuit] in *Goode v. Wainwright,* 670 F.2d 941 (11th Cir.1982). Subsequent to the resolution of the issue underlying the order of stay, *see Ford v. Strickland,* 696 F.2d 804 (11th Cir.1983) (en banc), this Court dissolved its stay entered on December 3, 1982, and denied relief following a hearing. *Songer v. Wainwright,* 571 F.Supp. 1384 (M.D.Fla.1983). On May 18, 1984, the Eleventh Circuit affirmed this Court's denial of the first petition. *Songer v. Wainwright,* 733 F.2d 788 (11th Cir.1984). On January 7, 1985, the United States Supreme Court denied certiorari. *Songer v. Wainwright,* — U.S. —, 105 S.Ct. 817, 83 L.Ed.2d 809 (1985). On January 24, 1985, petitioner filed with the Eleventh Circuit a motion to recall the mandate and application for stay of execution, which motion and application were denied on January 29, 1985. *Songer v. Wainwright,* 755 F.2d 1394 (11th Cir. 1985) (as amended by order of Feb. 1, 1985). 755 F.2d 1395.

On January 10, 1985, the Governor of Florida signed the third death warrant ordering petitioner's execution during the week commencing at noon on January 30, 1985, and ending on February 6, 1985. On January 24, 1985, petitioner filed in the Circuit Court of the Fifth Judicial Circuit, in and for Citrus County, Florida, the following three motions: Motion Pursuant to Fla.R.Crim.P. 3.850 for Post-Conviction Relief and to Vacate Sentence [hereinafter second 3.850 motion]; Motion for Evidentiary Hearing; and Application for Stay of Execution. An evidentiary hearing was held before Florida Circuit Court Judge John W. Booth on petitioner's second 3.850 motion and application for stay of execution on January 25, 1985 [hereinafter second 3.850 hearing]. Both motions were denied in an order entered on January 27, 1985 [hereinafter second 3.850 order].

On January 28, 1985, petitioner filed a notice of appeal of the second 3.850 order with the Supreme Court of Florida. On January 30, 1985, the Supreme Court of Florida heard argument of counsel on the appeal from the second 3.850 order. On January 31, 1985, the Supreme Court of Florida affirmed the second 3.850 order. *Songer v. Wainwright*, 463 So.2d 229 (Fla. 1985).

Petitioner filed the instant petition [hereinafter second petition] with this Court at 10:30 a.m. on January 31, 1985, together with a motion for leave to proceed *in forma pauperis*, and an emergency application for stay of execution. Petitioner filed a supporting memorandum on February 1, 1985. The Court heard argument of counsel and received the transcript of the second 3.850 hearing into evidence on February 1, 1985.

## GROUNDS FOR RELIEF

In this second petition for federal habeas corpus, petitioner alleges four interrelated grounds for relief:

1. That petitioner was precluded from introducing evidence of nonstatutory mitigating factors in violation of the sixth, eighth, and fourteenth amendments to the United States Constitution;

2. That petitioner was denied effective assistance of counsel at both the sentencing and resentencing proceedings in violation of the sixth, eighth, and fourteenth amendments to the United States Constitution;

3. That petitioner's advisory jury was instructed to limit its deliberations on mitigating circumstances to those enumerated in the statute in violation of the eighth and fourteenth amendments to the United States Constitution; and

4. That the trial court failed to explain mitigating and aggravating circumstances and the option to recommend against the death penalty in violation of the eighth and fourteenth amendments to the United States Constitution.

The four claims are different facets of the same alleged problem, namely that no evidence of nonstatutory mitigating factors was introduced at petitioner's sentencing or resentencing proceedings. Petitioner contends that the absence of nonstatutory mitigating evidence deprived petitioner of a constitutional penalty proceeding in violation of *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982).

Respondents contend that this petition is a "successive petition" and should therefore be dismissed pursuant to Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts [hereinafter Rule 9(b)]. Rule 9(b) provides as follows:

> (b) Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Rule 9(b) codified *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), in which the Supreme Court recognized that while *res judicata* is inapplicable to habeas corpus proceedings, federal courts are not powerless to protect themselves from harassing and repetitive petitions. *Id.* at 7, 83 S.Ct. at 1072. *Sanders* set forth two requirements that must be satisfied before a court may dismiss issues in a successive federal habeas corpus petition pursuant to Rule 9(b): (1) the issues have been adjudicated on the merits in a prior petition and (2) the ends of justice would not be served by a redetermination of the issues. *Id.* at 16–17, 83 S.Ct. at 1077–78.

Petitioner and respondents in the instant petition have agreed that all four issues raised in the second petition were raised in the first petition. Transcript of Second Petition Hearing at 14, 42–43. Having been raised in the first petition, all four issues have been adjudicated on the merits after hearings both in this Court on the

first petition and before the trial court on petitioner's first 3.850 motion. Accordingly, this Court's determination as to whether the four issues in the second petition should be dismissed is limited to a determination of whether the ends of justice would be served by a redetermination of the issues.

The Court in *Sanders* and the Eleventh Circuit have provided at least three examples of situations in which the ends of justice would be served by redetermining issues presented in a prior petition. In the first instance, a petitioner may gain a redetermination where factual issues are involved by "showing that the evidentiary hearing on the prior application was not full and fair." *Sanders*, 373 U.S. at 16–17, 83 S.Ct. at 1077–78. Second, where questions of law are involved, petitioner "may be entitled to a new hearing upon showing an intervening change in the law or some other justification for having failed to raise a crucial point or argument in the prior application." *Id.* at 17, 83 S.Ct. at 1078. Third, petitioner may be entitled to a redetermination "when the denial of the first rested on a court's plain errors of law." *Bass v. Wainwright*, 675 F.2d 1204, 1207 (11th Cir.1982) (quoting *Cancino v. Craven*, 467 F.2d 1243, 1246 (9th Cir.1972)).

Petitioner advances an argument as to each of the three situations in which the ends of justice would require a redetermination of the issues. Petitioner first argues that he should be accorded a redetermination of the issues because the following alleged facts were not before the Court in the first petition and hearing: (1) the affidavit and testimony of juror Lisa Crews [hereinafter Crews] stating that the judge had told the jurors that they could not consider anything other than the statutory aggravating and mitigating circumstances listed on the form; (2) the affidavit and testimony of petitioner's trial attorney, C. John Coniglio [hereinafter Coniglio] as to his belief that the Florida sentencing statute precluded the introduction of nonstatutory mitigating evidence; and (3) the second 3.850 hearing and order in which the trial judge expressed his understanding of whether nonstatutory mitigating evidence could have been introduced at the time of petitioner's penalty phase proceeding. Petitioner is not entitled, however, to a redetermination of the issues on the basis of this newly-proffered testimony because petitioner has not shown that the evidentiary hearing on the prior petition was not full and fair.

■ As to the first factual allegation, the testimony of juror Crews could not have been considered during the first petition proceeding and cannot be considered in the instant petition. Under both federal and state law, a juror cannot testify as to matters which were inherent in the deliberative process and which led to a verdict. Fed.R.Evid. 606(b); Fla.Stat. § 90.607(2)(b) (1983). Thus petitioner was not and is not now entitled to introduce this testimony at a hearing on the allegation.

■ As to Coniglio's newly-proffered testimony, Coniglio testified at length at the first 3.850 hearing on his and petitioner's approach to the presentation of mitigating evidence at the sentencing hearing. Transcript of First 3.850 Hearing at 68–70, 72–76. In adjudicating this issue in the first petition, this Court also had before it and considered the transcript of the sentencing proceedings. At the sentencing hearing, the trial court received all the mitigating evidence which Coniglio offered. Furthermore, Coniglio was subpoenaed for the first petition hearing, but was released by counsel prior to testifying. Transcript of First Petition Hearing at 72–73. In the same way that a court should be constrained from using hindsight to evaluate a counsel's performance, counsel himself should not be given repeated opportunities to rethink his performance in light of what he would do more than a decade later. Accordingly, the Court is of the opinion that Coniglio's newly-proffered testimony does not justify a redetermination of issues adjudicated in the first petition, which adjudication was based on testimony and evidence proffered in full and fair hearings on the first 3.850 motion and the first petition.

■ Finally, the fairness of the first petition hearing is not undercut by the trial court's statement that at the time of the sentencing hearing he interpreted the Florida statute to prohibit introduction of nonstatutory mitigating evidence. The trial court's interpretation does not add significantly to the evidence before this Court at the hearing on the first petition. Regardless of the trial court's interpretation, the issue of whether the jury was properly instructed at the sentencing hearing was raised and adjudicated in the first petition. *Songer*, 571 F.Supp. at 1398–99. Furthermore, the trial court did not in fact exclude any proffered evidence at the sentencing hearing; the trial court's interpretation of the Florida statute did not therefore taint the sentencing proceedings. Consequently, the absence of information as to the trial court's interpretation of the Florida statute did not deprive petitioner of a full and fair hearing on the first petition.

■ Petitioner secondly asserts that he should be granted a new hearing and a redetermination of the issues because of intervening change in the law, citing to the Eleventh Circuit's pending *en banc* consideration of *Hitchcock v. Wainwright*, 745 F.2d 1332 (11th Cir.1984), *reh'g granted en banc*, No. 83–3578 (11th Cir. Jan. 8, 1985). This Court is of the opinion that it is precluded from considering *Hitchcock* as an intervening change in the law because of the Eleventh Circuit's order of January 29, 1985, which order denied Petitioner-Appellant's Motion to Recall the Mandate and Application for Stay of Execution. The order, as amended by order of February 1, 1985, reads in pertinent part as follows:

> To the extent that *Hitchcock v. Wainwright*, supra, may focus on the effect of *Cooper v. State*, 336 So.2d 1133 (Fla. 1976), on sentencing in Florida prior to the decision in *Songer v. State*, 365 So.2d 696 (Fla.1978), that issue is not present in this case because Songer was sentenced two years before the *Cooper* decision, in 1974. The resentencing in 1977 was solely for the purpose of dealing with the

*Gardner* issue by the trial judge, and was not a jury resentencing.

This Court does not find a basis to apply *Hitchcock* to the instant case, outside the limitations of the Eleventh Circuit's order, thereby precluding petitioner from succeeding on his argument that the issues should be redetermined because of intervening law.

■ Finally, petitioner contended during oral argument that this Court should determine that petitioner is entitled to a redetermination because no court has squarely addressed this issue. Petitioner contends that no court to date, except for the trial court in the second 3.850 order, has ruled on the applicability of *Lockett* to this confluence of facts. Transcript of Second Petition Hearing at 52. Petitioner argues that the courts have instead ruled only on the "facial constitutionality or validity of the Florida statutes." *Id.* at 57. Petitioner's contention is without merit. The issue of a *Lockett* violation was raised and adjudicated in the first petition after a full and fair hearing. *Songer*, 571 F.Supp. at 1393–97, 1398–1400; *see also Songer v. Wainwright*, —— U.S. ——, 105 S.Ct. 817, 83 L.Ed.2d 809 (1985) (Brennan, Marshall, JJ., dissenting).

Having concluded that the ends of justice would not be served by a redetermination of the issues raised in this petition, the Court must next determine whether to issue a certificate of probable cause to appeal, pursuant to 28 U.S.C. § 2253 (1982). The United States Supreme Court recently set forth the standard for granting a certificate of probable cause in *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983):

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "ade-

quate to deserve encouragement to proceed further."

*Id.* at 3394 n. 4 (quoting *Gordon v. Willis,* 516 F.Supp. 911, 913 (N.D.Ga.1980)).

■ As previously mentioned, this Court must follow the Eleventh Circuit's order of January 29, 1985, as amended on February 1, 1985, which denied petitioner's motion to recall the mandate and grant a stay of execution pending the disposition of *Hitchcock.* Although this Court has not found a basis to apply *Hitchcock* to the instant case, outside the limitations of the Eleventh Circuit's order, the undersigned concludes that this Court's determination of the applicability of *Hitchcock* may be debatable among jurists. Since this is a capital case, petitioner should not be foreclosed from urging such contention on appeal from this opinion and order. The Court is of the opinion, therefore, that a certificate of probable cause should be granted. Accordingly, it is

ORDERED AND ADJUDGED:

1. That the Petition for Writ of Habeas Corpus, filed herein on January 31, 1985, is hereby denied;

2. That the Application for Stay of Execution, filed herein on January 31, 1985, is hereby denied;

3. That petitioner is hereby granted leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915 (1982);

4. That a certificate of probable cause to appeal shall be issued, pursuant to 28 U.S.C. § 2253 (1982); and

5. That the Clerk of the Court shall enter Judgment dismissing this action.