**Carl Ray SONGER,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, etc., and
Richard L. Dugger, etc.,
Respondents-Appellees.**

**No. 83–3500.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 29, 1985.

Rehearing En Banc Granted April 9, 1985.

Joseph Jordan, West Palm Beach, Fla., for petitioner-appellant.

Frank Lester Adams, III, Peggy A. Quince, Asst. Attys. Gen., Tampa, Fla., for respondents-appellees.

Before RONEY and VANCE, Circuit Judges, and SIMPSON, Senior Circuit Judge:

BY THE COURT:

On January 24, 1985, Carl Ray Songer filed a motion to recall the mandate and for stay of execution of his death sentence pending this Court's en banc consideration of *Hitchcock v. Wainwright,* 745 F.2d 1332 (1984).

After conviction of first degree murder of a Florida Highway Patrolman, Songer was sentenced to death in 1974. The Florida Supreme Court affirmed in *Songer v. State,* 322 So.2d 481 (Fla.1975). The United States Supreme Court vacated the death sentence and remanded for reconsideration in light of *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). *Songer v. Florida,* 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801 (1977). After further proceedings in which trial counsel was allowed to review and rebut a presentence investigation report not previously disclosed, the trial court reimposed the death sentence on August 17, 1977. The Florida Supreme Court affirmed. *Songer v. State,* 365 So.2d 696 (Fla.1978). The United States Supreme Court denied *certiorari.*

*Songer v. State,* 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979).

Following a death warrant in 1980, Songer sought and was denied state collateral relief. *Songer v. State,* 419 So.2d 1044 (Fla.1982). Following a death warrant in 1982, a state petition for habeas corpus relief was denied by the Florida Supreme Court. *Songer v. Wainwright,* 423 So.2d 355 (Fla.1982).

A United States District Court denied federal habeas corpus relief after a hearing. *Songer v. Wainwright,* 571 F.Supp. 1384 (M.D.Fla.1983). After regular briefing and oral argument, this Court affirmed. *Songer v. Wainwright,* 733 F.2d 788 (11th Cir.1984). A petition for rehearing and suggestion for rehearing en banc were denied on June 26, 1984. The United States Supreme Court denied *certiorari* on January 7, 1985. *Songer v. Wainwright,* — U.S. ——, 105 S.Ct. 817, 83 L.Ed.2d 809 (1985). During the period of this litigation, outstanding death warrants had been stayed.

The mandate denying relief was issued by this Court on January 11, 1985, 755 F.2d 1395, and no previously entered stays remained effective. The State has scheduled Songer's execution for February 5, 1985 at 7:00 a.m.

All of Songer's claims have been fully litigated and decided. To the extent that *Hitchcock v. Wainwright,* supra, may focus on the effect of *Cooper v. State,* 336 So.2d 1133 (Fla.1976), on sentencing in Florida prior to the decision in *Songer v. State,* 365 So.2d 696 (Fla.1978), that issue is not present in this case because Songer was sentenced two years before the *Cooper* decision, in 1974. The resentencing in 1977 was solely for the purpose of dealing with the *Gardner* issue by the trial judge, and was not a jury resentencing.

The motion to recall the mandate and application for stay of execution are DENIED.