Carl Ray SONGER,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, etc., and
Richard L. Dugger, etc.,
Respondents-Appellees.

No. 83–3500.

United States Court of Appeals,
Eleventh Circuit.

Feb. 5, 1985.

Joseph Jordan, West Palm Beach, Fla., Deval Patrick, New York City, for petitioner-appellant.

Frank Lester Adams, III, Peggy A. Quince, Asst. Attys. Gen., Tampa, Fla., for respondents-appellees.

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HENDERSON, ANDERSON and CLARK, Circuit Judges [1]:

GODBOLD, Chief Judge.

Members of this Court in active service have requested a poll on the application of petitioner for a rehearing en banc on the denial of the motion to recall the mandate and for a stay of execution, and a majority of the active qualified judges have voted in favor of en banc consideration. It is, therefore, ORDERED that petitioner's application shall be considered en banc.

The Court en banc is informed that the panel of the Court considering the second petition case of *Songer v. Wainwright,* 756 F.2d 800, intends to issue a stay of execution pending the further order of the Court. Action by the Court en banc on the matter of the recall of the mandate and the matter of a stay is, therefore, held in abeyance, since it appears that the matter of a stay will be mooted by the action of the panel in No. 85–3064 and that action on the recall of the mandate is not necessary.

RONEY, Circuit Judge, specially concurring:

As a panel member in *Songer v. Wainwright,* 733 F.2d 788 (11th Cir.1984), I concurred in an order denying the motion asking this Court to withdraw the mandate and stay Songer's execution pending the en banc consideration of *Hitchcock v. Wainwright,* 745 F.2d 1332 (11th Cir.1984). *Songer v. Wainwright,* 755 F.2d 1394 (11th Cir.1985).

I was then and am now of the view that the decision of the Court en banc in *Hitchcock* will not reach Songer's argument as made to the Court on this appeal, because he was sentenced prior to *Cooper v. State,* 336 So.2d 1133 (Fla.1976). To the extent that Songer's argument addressed the facial constitutionality of the Florida statute, ineffectiveness of counsel, and jury instructions under a *Lockett* theory, unencumbered by the *Cooper* decision, those issues have been fully litigated and to my mind have been properly decided on sound precedent by the Florida Supreme Court, *see* citations in order denying the motion, 755 F.2d 1394, by the United States District Court, 571 F.Supp. 1384 (M.D.Fla.1983), and by the panel of this Court after full briefing and oral argument. Panel rehearing was denied, no member of this Court requested a poll on the suggestion of rehearing en banc, and the United States Supreme Court denied certiorari. In my judgment the motion for withdrawal of the mandate was nothing more than an attempt to get an extraordinary rehearing on issues already decided.

A new petition for habeas corpus relief was filed subsequent to the issuance of the mandate in this case. To the extent that the record and arguments on that appeal may differ from the record and arguments previously made, I take no position. Nothing on that appeal is presently before me,

---

[1]  Judge Joseph W. Hatchett recused himself and did not participate in this decision.

and I make no suggestion as to whether or not it has merit.

The concept of finality of judicial process is jeopardized if not completely fractured by a Court's willingness to reconsider old arguments and entertain new ones after a party has had full opportunity for litigation, a case has been carefully considered by the Court, and the Supreme Court has either affirmed the decision or denied certiorari. Absent some clarion call that a miscarriage of justice is about to occur, because of some clearly controlling newly discovered fact or newly developed law, no court should respond to any such overtures.

And yet, five of my colleagues think that is the thing to do in this case. Apparently it is thought that the *Hitchcock* decision may change the law in this Circuit in a way that would reach Songer's arguments.

The petition is addressed to eleven judges, one of our number being recused. Two senior judges, Judge Simpson, a member of the panel on this case, and Judge Morgan, a member of the *Hitchcock* panel, cannot vote in this poll. Each would be entitled to sit with the en banc court in the respective cases.

In this situation, to avoid mooting an ultimate decision that my colleagues are right about the potential reach of *Hitchcock*, it seems to me that I must join to make a majority of circuit judges in regular active service to order the proceeding to be reheard en banc. It should be noted that no argument has been addressed to this Court concerning the jurisdiction or authority of the en banc court in this regard. By this decision, I merely assume with some doubt, but make no determination, that this en banc Court has jurisdiction to enter this order.