756 F.2d 800
 Carl Ray SONGER, Petitioner-Appellant,
v.
Louie L. WAINWRIGHT, Secretary, Florida Department of
Corrections, Richard Dugger, Superintendent,
Florida State Prison, Starke, Florida,
Respondents-Appellees.
 No. 85-3064.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 5, 1985.
 
 Deval L. Patrick, New York City, Dorean M. Koenig, Lansing, Mich., for petitioner-appellant.
 Peggy A. Quince, Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.
 Appeal from the United States District Court for the Middle District of Florida; Howell W. Melton, Judge.
 Before GODBOLD, Chief Judge, HILL and KRAVITCH, Circuit Judges.
 
 ORDER (INCLUDING STAY OF EXECUTION)
 BY THE COURT:
 
 1
 A motion to recall the mandate and for stay of execution has been denied by another panel of this court in the case of Songer v. Wainwright 756 F.2d 799, the case concerning Songer's first federal habeas petition. A majority of the active qualified judges of the court have voted in favor of en banc rehearing of that motion and an order to that effect has been entered.
 
 
 2
 Before us is Songer's second federal habeas petition --- F.Supp. ----. It is our view that this case should be heard by the court en banc along with Hitchcock v. Wainwright, 745 F.2d 1332 (11th Cir.1984). We respectfully request that this be done, and we ask for a poll of the active judges for this purpose.
 
 
 3
 Our reasons include these: the substantive issue raised in the successive petition context is the constitutionality of petitioner's sentencing hearing conducted in 1974. In petitioner's second state 3.850 proceeding, held last week, the presiding judge, who conducted petitioner's 1974 trial and sentencing and his resentencing in 1977, at least implied that in 1974 his opinion of Florida law concerning admissibility of evidence of non-statutory mitigating circumstances was more limited than later required by the Supreme Court of the United States in Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). In this second state proceeding the judge premised at least part of his decision to deny relief upon a finding that Lockett was not retroactive. We are unable to determine whether his decision might be different if Lockett is held retroactive, an issue that may possibly be determined in Hitchcock. This information concerning the trial judge was not presented in the first federal habeas case. Moreover, when petitioner was resentenced in 1977, he attempted to introduce non-statutory mitigating evidence, but was not permitted to do so because the trial judge interpreted the remand as limited to the Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), issue relating to his presentence report. This refusal was reviewed by the Supreme Court of Florida after Lockett was decided.
 
 
 4
 In general we are not able to predict the exact contours of any en banc decision that may be rendered in Hitchcock on the Lockett issue in the case, and the extent, if any, to which this issue might affect this case. Nor can we, as a panel of the court, properly attempt to decide or limit what the court may decide in Hitchcock. Without knowing the parameters of Hitchcock, we cannot say with assurance what, if any, issues in this case may fall outside of Hitchcock.
 
 
 5
 In implementation of the vote of a majority of judges in favor of en banc rehearing on the denial of withdrawal of the mandate and denial of a stay, and on our own authority as the panel to whom the second petition is assigned, we ORDER that a STAY OF EXECUTION IS GRANTED pending the further orders of the Court.