443 So.2d 967 (1983)
Chester MAXWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 60754.
Supreme Court of Florida.
December 15, 1983.
Rehearing Denied February 7, 1984.
*968 R.E. Conner, Plantation, for appellant.
Jim Smith, Atty. Gen. and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellee.
BOYD, Justice.
This cause is before the Court on appeal from a judgment of conviction of first-degree murder and robbery and a sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The appellant, Chester Maxwell, and his co-defendant, Dale Griffin, were found guilty by a jury and convicted of the murder of Donald Klein. The evidence showed that Mr. Klein was playing golf with three friends at the Palmaire Country Club in Pompano Beach, Broward County, when Maxwell and Griffin approached. Griffin grabbed one golfer and held a knife to his throat while appellant pulled out a revolver. The assailants robbed three of the men of their money, the fourth golfer having nothing of value on his person. From Donald Klein appellant took a gold bracelet, a gold chain and some gold pendants. Appellant also demanded Mr. Klein's gold ring. When Klein protested that his wife had given him the ring, appellant shot him in the chest. He died within minutes. Both the heart and the lungs were severely damaged by the bullet, which was a .22 caliber rifle bullet cut off at the nose so it would fit into the pistol's chamber.
One of the victim's golfing companions chose appellant from an identification lineup and at trial testified that he saw appellant shoot Donald Klein.
After the shooting appellant and Griffin ran from the area and that night they departed Broward County on a northbound Greyhound bus. Upon learning this, the Pompano Beach police communicated with the Ocala police, who boarded the bus when it stopped at the Ocala bus station. The Ocala police detained the pair and told them to claim their bags. Appellant and Griffin claimed one bag each, accompanied the officers to police headquarters, and consented to have their bags searched. At the time of their detention and questioning, the two suspects had in their possession the gold items taken from Donald Klein. These items were identified by his widow at the trial.
*969 Suspecting that appellant and Griffin had left possessions on the bus when they were detained for questioning, the Pompano Beach police sought the assistance of the Tallahassee police. When the bus arrived in Tallahassee, police officers arranged to have all the passengers and their luggage removed from the bus. When the bus was emptied, one brown suitcase remained unclaimed. The officers looked inside and found a knife and a .22 caliber pistol. Subsequent examination revealed that the sixchambered pistol contained five .22 caliber rifle bullets with their forward ends cut off.
Prior to trial appellant filed a motion to exclude from evidence the items found in the suitcase recovered in Tallahassee on the ground that its search without a warrant was unconstitutional. The trial court denied the motion on the ground that appellant lacked standing to object to the evidence on constitutional grounds. The jury found appellant and his co-defendant guilty of first-degree murder and three counts of armed robbery. A separate sentencing proceeding was held, and the jury recommended a sentence of death for appellant and a sentence of life imprisonment for co-defendant Griffin. The judge followed both recommendations.[*]
In this appeal, appellant argues that the trial court erred in denying the motion to suppress; in denying the motion to exclude television cameras from court without holding an evidentiary hearing; in excusing for cause a prospective juror who expressed qualms about the death penalty; by not asking the jury foreman whether the sentencing recommendation was concurred in by a majority; in denying a motion to compel the state to disclose the names of the witnesses it planned to present at the sentencing hearing; and in not furnishing defense counsel with the presentence investigation report in time to prepare for rebuttal. Since we find none of these arguments to be substantiated, we affirm appellant's convictions. We have also reviewed the sentence of death and find it to be appropriate.
Appellant argues that the search, without a warrant, of the suitcase taken from the Greyhound bus in Tallahassee violated his right to be free from unreasonable searches and seizures under the Fourth Amendment and that therefore the articles seized from within the suitcase should have been excluded from evidence. The evidence showed, however, that when appellant and Griffin were detained for questioning in Ocala they each claimed one suitcase but they left the third suitcase on the bus. Thus they abandoned all possessory interests and expectations of privacy in the suitcase. The subsequent recovery and examination of the suitcase by law enforcement authorities was therefore not a search within the meaning of the Fourth Amendment. The retrieval and retention of the suitcase therefore could not have violated the constitutional right of appellant to be free in his person, home, papers and effects from unreasonable searches and seizures. See United States v. Jackson, 544 F.2d 407 (9th Cir.1976); United States v. Colbert, 474 F.2d 174 (5th Cir.1973) (en banc); State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1200 (Fla. 1980); Riley v. State, 266 So.2d 173 (Fla. 4th DCA 1972).
Next appellant claims that the trial court erred in denying his motion to exclude the electronic media from the courtroom without holding an evidentiary hearing. We enunciated the test for excluding electronic media coverage of courtroom proceedings in In re Post-Newsweek Stations, Florida, Inc., 370 So.2d 764, 779 (Fla. 1979):
The presiding judge may exclude electronic media coverage of a particular participant only upon a finding that such coverage will have a substantial effect upon the particular individual which would be qualitatively different from the *970 effect on members of the public in general and such effect will be qualitatively different from coverage by other types of media.
In State v. Green, 395 So.2d 532 (Fla. 1981), we stated that if the judge is called upon by a proper motion to make such a determination, an evidentiary hearing is required. "A proper motion should set forth facts that, if proven, would justify the entry of a restrictive order. General assertions or allegations are insufficient." Id. at 538. The televising of a trial does not per se impinge on the right to fairness and impartiality. A motion to limit or exclude television coverage must attempt to show with specificity that it will deleteriously affect the trial. See Chandler v. Florida, 449 U.S. 560, 101 S.Ct. 802, 66 L.Ed.2d 740 (1981), aff'g, 366 So.2d 64 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 1157 (Fla. 1979). Appellant concedes that his motion contained only general assertions, but argues that this failure was excusable because trial counsel did not know and could not have known prior to trial that the electronic media representatives would appear. This is not an adequate excuse for failing to seek relief before trial by a proper motion. Since our decision in Post-Newsweek, all persons in this state have had constructive if not actual notice that courtroom proceedings may be covered by the electronic media. Whether television and radio concerns will broadcast a particular courtroom proceeding in whole or in part is a matter solely within their control. Litigants and their attorneys are not entitled to notice that a trial will be broadcast, but presumably they are free to attempt to find out in advance. In any event, if the media representatives wish to provide such coverage, and the prospect of such coverage is a matter of concern to accused persons or their attorneys, they must bring their objections to the attention of the court by motion in time to allow for a proper pre-trial determination of the suitability of electronic media coverage.
As for appellant's argument that the trial court erred in excusing for cause a prospective juror who had expressed reservations or conscientious beliefs about the death penalty, we find this point has not been properly preserved for appeal since appellant's trial counsel failed to pose a timely objection. Maggard v. State, 399 So.2d 973 (Fla.), cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1981); Brown v. State, 381 So.2d 690 (Fla. 1980), cert. denied, 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 (1981). Moreover, if we were to reach the merits of this point we would find no error because the juror in question was properly excused.
We also find that appellant has failed to preserve for appeal his argument that the trial court erred in not asking the jury foreman whether a majority of the jury concurred in the advisory recommendation of death. No such request was made at the trial. Appellant's argument that the trial court was compelled to make such an inquiry upon its own motion is totally without merit.
Next appellant argues that the trial court erred in denying his motion, filed pursuant to Florida Rule of Criminal Procedure 3.220(a), for a list of witnesses and of tangible papers or objects the prosecutor intended to use at the sentencing hearing. Appellant contends the rule and due process require that the state disclose such information. This Court has held that one accused of a capital offense does not have a due process right to pre-trial notice of the aggravating circumstances the state intends to prove. Sireci v. State, 399 So.2d 964 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982); Menendez v. State, 368 So.2d 1278 (Fla. 1979). See Spinkellink v. Wainwright, 578 F.2d 582 (5th Cir.1978), cert. denied, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979). As far as any procedural rights in the sentencing process which appellant may have had under Rule 3.220(a) are concerned, we find that there was no prejudicial error.
Appellant's final argument is that the record does not show that his trial counsel received a copy of the presentence investigation *971 report which the trial judge relied upon in imposing the death sentence. The state has supplemented the record with an affidavit from trial counsel that he did indeed receive a copy of the report before sentencing. We therefore find this point to be without merit.
Although appellant has not raised any objections concerning the judge's findings with regard to the aggravating and mitigating circumstances, we are required to review the sentence of death to ensure that it has been properly imposed. § 921.141(4), Fla. Stat. (1981). In his sentence the trial judge found as aggravating circumstances that appellant had previously been convicted of a felony involving the use of violence, section 921.141(5)(b); that the capital felony was committed during the commission of a felony, section 921.141(5)(d); that it was committed for pecuniary gain, section 921.141(5)(f); that it was especially heinous, atrocious, or cruel, section 921.141(5)(h); and that it was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification, section 921.141(5)(i). He found no mitigating circumstances.
We find three errors in the judge's findings. First, it was error to consider as separate aggravating circumstances that the crime was committed during the commission of a robbery and for pecuniary gain, since these findings "refer to the same aspect of the defendant's crime." Provence v. State, 337 So.2d 783, 786 (Fla. 1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2929, 53 L.Ed.2d 1065 (1977). Second, since the death was instantaneous, following a single shot, this crime cannot be considered especially heinous, atrocious, or cruel. Riley v. State, 366 So.2d 19 (Fla. 1978); Cooper v. State, 336 So.2d 1133 (Fla. 1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977). Third, the finding that the murder was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification was not proper under the circumstances of this case. Proof of this aggravating circumstance requires a showing of a state of mind beyond that of the ordinary premeditation required for a first-degree murder conviction. Here the evidence showed that appellant killed Donald Klein intentionally and deliberately but there was no showing of any additional factor to establish that the murder was committed in "a cold, calculated, and premeditated manner without any pretense of moral or legal justification." § 921.141(5)(i), Fla. Stat. (1981); see Combs v. State, 403 So.2d 418, 421 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2258, 72 L.Ed.2d 862 (1982).
Despite these errors, we conclude that the sentence of death is still lawful because there are two aggravating circumstances and no mitigating circumstances. The previous conviction of a felony involving violence (armed robbery) was shown by documentary evidence. That the murder was committed in the course of a robbery was clearly demonstrated by the circumstances of the criminal episode.
Where an intentional murder is committed in the course of a robbery and there are no mitigating circumstances, a sentence of death is appropriate. E.g., Sullivan v. State, 303 So.2d 632 (Fla. 1974), cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976); see generally State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974). The commission of murder in the course of a robbery by one who has previously been convicted of a felony involving violence to the person of another, when there are no mitigating circumstances, warrants a sentence of death. E.g., Shriner v. State, 386 So.2d 525 (Fla. 1980), cert. denied, 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 829 (1981). Here the appellant had previously been convicted of a violent felony, the murder was committed in the course of a robbery, and there were no mitigating circumstances. Thus the facts of this case are equally or more aggravated than those in Sullivan and closely similar to those in Shriner. They are also comparable to those in Jones v. State, 411 So.2d 165 (Fla.), cert. denied, ___ U.S. ___, 103 *972 S.Ct. 189, 74 L.Ed.2d 153 (1982), and Hargrave v. State, 366 So.2d 1 (Fla. 1978), cert. denied, 444 U.S. 919, 100 S.Ct. 239, 62 L.Ed.2d 176 (1979). Therefore, the sentence of death is proper under the law.
The convictions and sentence are affirmed.
It is so ordered.
ALDERMAN, C.J., OVERTON and EHRLICH, JJ., concur.
ADKINS, J., concurs in result only.
McDONALD, J., concurs with conviction, but concurs in result only as to sentence.
NOTES
[*] Co-defendant Griffin having received a life sentence, his appeal went to the District Court of Appeal for the Fourth District. The conviction was affirmed without opinion. Griffin v. State, 412 So.2d 501 (Fla. 4th DCA 1982).