490 So.2d 927 (1986)
Chester Levon MAXWELL, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
Chester Levon MAXWELL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 66117, 66129.
Supreme Court of Florida.
May 15, 1986.
Rehearing Denied July 21, 1986.
*929 Steven H. Malone, St. Petersburg, for petitioner/appellant.
Jim Smith, Atty. Gen., and Richard G. Bartmon and Robert L. Teitler, Asst. Attys. Gen., West Palm Beach, for respondent/appellee.
*930 BOYD, Chief Justice.
Chester Levon Maxwell, a state prisoner under sentence of death,[*] filed with this Court a petition for habeas corpus challenging the legality of his conviction and sentence. He also filed a motion to set aside judgment and sentence under Florida Rule of Criminal Procedure 3.850. The trial court denied the rule 3.850 motion, and Maxwell appealed the ruling to this Court. In connection with his habeas corpus petition and his appeal of the denial of post-conviction relief, Maxwell moved for a stay of the then-scheduled execution of the sentence of death pending further consideration of the petition and the appeal. Because a majority of the Court found that the matters at issue could not be satisfactorily resolved on an expedited basis, we entered a stay of execution on November 6, 1984. Having now given careful consideration to all the issues raised in both of the proceedings before us, we affirm the denial of the motion to set aside judgment and sentence and deny the petition for habeas corpus.

APPEAL OF DENIAL OF RULE 3.850 MOTION
Appellant's motion to set aside judgment and sentence, filed in the circuit court in which he was tried and sentenced, presented eight challenges. The circuit court summarily dismissed seven of the eight contentions on the ground that they were improper matters for collateral attack, being matters that must be presented by objection at trial and argument on appeal. On the eighth issue put forth by the motion  ineffective assistance of counsel at trial  the trial court held an evidentiary hearing but then denied relief. Appellant argues that the court erred in summarily dismissing seven of his eight contentions and denied him a full, fair and meaningful evidentiary hearing on the one issue not summarily dismissed.
By his motion below and now by appeal Maxwell argues that he was denied a fair trial before an impartial jury by the excusal of a juror who, appellant argues, had merely expressed some hesitation about the use of capital punishment. Appellant argues that the juror was not clearly shown to be unqualified to impartially serve in a capital trial. The lack of an objection on this ground at trial, however, was a waiver of the argument so it is not cognizable by motion for post-conviction relief. Armstrong v. State, 429 So.2d 287 (Fla.), cert. denied, 464 U.S. 865, 104 S.Ct. 203, 78 L.Ed.2d 177 (1983). Therefore the trial court was correct to summarily dismiss the rule 3.850 claim raised on this ground. Moreover, under established Florida law, the juror was properly excused because, based on the record of the original trial, it was clear that the possibility of a death sentence rendered the juror unable to impartially participate in the determination of guilt or innocence. In affirming Maxwell's conviction on appeal, we held that this same contention with regard to another prospective juror had been waived by the lack of a timely objection at trial, but added, "Moreover, if we were to reach the merits of this point we would find no error because the juror in question was properly excused." Maxwell v. State, 443 So.2d 967, 970 (Fla. 1983). Both prospective jurors were properly excused for cause. Wainwright v. Witt, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (Fla. 1985).
Appellant argues that his right to a fair trial was violated when the venire of prospective jurors were able to see the appellant in the custody of officers. This was a question of procedural error cognizable on appeal if it had been raised by objection and preserved for appellate review. But it is not cognizable now. Moreover, the mere viewing of a defendant in the custody of officers does not raise a question of denial of indicia of innocence as in cases in which the accused is brought into *931 court in prison garb or shackles. The close escort was a routine security measure and it should not lightly be presumed that prospective jurors would perceive it as anything else. There was no violation of the right to a fair trial in this regard. United States v. Diecidue, 603 F.2d 535 (5th Cir.1979), cert. denied, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 781 (1980); Wright v. Texas, 533 F.2d 185 (5th Cir.1976).
Appellant argues that he was denied a fair and reliable sentencing proceeding because the trial court improperly limited the jury's consideration to only statutory mitigating circumstances. Reliance on this issue, however, was waived at trial by the lack of an objection. Moreover, the standard instructions based on the sentencing statute did not have the effect of limiting the jury's consideration as asserted by appellant. Demps v. State, 395 So.2d 501 (Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981). Non-statutory mitigating evidence was presented to the jury. The jury was not misled on the permissibility of considering all mitigating evidence it found persuasive. See Straight v. Wainwright, 422 So.2d 827, 830 (Fla. 1982).
Appellant argues that the trial court erred in instructing the jury that its sentencing recommendation, either for death or life imprisonment, had to be by majority vote. There was no objection at trial so the error, if error there was, was waived and provides no basis for relief by way of a collateral proceeding. Ford v. Wainwright, 451 So.2d 471 (Fla. 1984); Armstrong v. State, 429 So.2d 287 (Fla.), cert. denied, 464 U.S. 865, 104 S.Ct. 203, 78 L.Ed.2d 177 (1983). Moreover, we believe that affording relief on the ground of this asserted error would depend on a showing of prejudice. Jackson v. State, 438 So.2d 4 (Fla. 1983); Harich v. State, 437 So.2d 1082 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984). Unless it can be shown that the jury erroneously believed it had to have a vote of seven to make a recommendation and that this mistake affected their deliberations in that at some point a tie vote was reached, it cannot be established that any prejudice resulted from the erroneous instruction. The record shows that at trial the jury collectively indicated to the court that its sentencing recommendation was in fact reached by a majority vote.
Appellant argues that his right to a fair and reliable sentencing hearing was violated because the trial court instructed the jury on all the statutory aggravating circumstances without regard to whether they were supported by evidence. If there was error by the trial court in this regard, it was of the type that is reviewable only when challenged by objection at trial and argument on appeal. Such a contention is not a ground for relief under rule 3.850. Moreover, the instructions given at the trial were not erroneous and appellant had full opportunity to argue against the applicability of any or all of the aggravating circumstances. See Straight v. Wainwright, 422 So.2d 827 (Fla. 1982).
Appellant argues that the trial court's instructions to the jury failed to adequately define the aggravating circumstance that refers to the capital felony being "especially heinous, atrocious, or cruel." This is another matter that could only be reviewed by means of objection at trial and presentation on appeal. Moreover, the argument is without merit. The instruction followed the statutory words as refined and construed by this Court. See Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974).
Appellant argues that the sentencing proceeding culminating in his sentence of death was fundamentally unfair because of the failure to disclose the contents of a presentence investigation report to him. As we said when this issue was presented on appeal, the record shows that a copy of the report was supplied to defense counsel before sentencing. Maxwell v. State, 443 So.2d at 971. Thus the defendant through counsel had an opportunity to examine, *932 challenge, rebut, deny, and use any relevant information contained in the report. See Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977); Songer v. State, 419 So.2d 1044 (1982). Appellant seems to argue for a formal requirement that the report be physically placed in the defendant's hands. This position is completely without merit.
We come now to the only issue raised by the motion not summarily dismissed by the lower court and the only issue properly cognizable on the merits in this proceeding. Appellant argues that he received ineffective assistance of counsel at his trial in violation of his sixth amendment rights and that the court below in ruling on his motion to vacate the judgment denied him an adequate evidentiary hearing. We find that the hearing on the motion comported with due process principles.
A claim of ineffective assistance of counsel, to be considered meritorious, must include two general components. First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Downs v. State, 453 So.2d 1102 (Fla. 1984). A court considering a claim of ineffectiveness of counsel need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied.
Appellant contends that his trial lawyer was ineffective in not objecting to the excusal for cause of two prospective jurors on the ground of their views on capital punishment. However, we cannot find ineffectiveness based on lack of objection or argument when counsel could reasonably have decided that such objection or argument would have been futile in view of the established rules of law on jurors' qualifications. The views of the prospective jurors clearly would have interfered with their ability to follow the instructions of the court. Therefore, they were properly excused for cause. See Adams v. Texas, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980).
Next appellant argues that counsel at trial was ineffective in that he inadequately investigated appellant's background and related matters in preparation for the penalty phase of the trial. However, the record shows that defense counsel did present testimony of witnesses concerning the defendant's character and background. The testimony went beyond statutory mitigating factors to include also non-statutory factors. The fact that a more thorough and detailed presentation could have been made does not establish counsel's performance as deficient. It is almost always possible to imagine a more thorough job being done than was actually done. Moreover, it is highly doubtful that more complete knowledge of appellant's childhood circumstances, mental and emotional problems, school and prison records, etc., would have influenced the jury to recommend or the judge to impose a sentence of life imprisonment rather than death. See, e.g., Porter v. State, 478 So.2d 33 (Fla. 1985). We therefore reject the ineffectiveness claim on this point.
Appellant argues that counsel was deficient in failing to object to the court's instructions and the prosecutor's arguments to the jury on the mitigating circumstances it could consider. Appellant says the instructions and argument limited the jury's consideration to statutory factors only. The instructions given, however, were not erroneous. Further, the admission of testimony presented on behalf of the defendant relating to mitigating factors other than those in the statute made known to the jury that the range of matters to be considered went beyond the statutory mitigating circumstances on which they were instructed.
*933 Next appellant contends that his counsel was ineffective in not asking the court for a severance of appellant's case from that of the co-defendant after the conclusion of the guilt phase of the trial and before commencement of the separate sentencing proceeding. This contention is based upon the fact that at sentencing, the prosecutor sought from the jury a recommendation of death for appellant but not for the co-defendant. The jury returned recommendations on the two defendants accordingly and the judge sentenced them consistently with the jury's recommendations. Appellant's argument is without merit. Defense counsel moved for a severance before trial, which motion was denied. Counsel could reasonably have concluded that to renew the motion after the guilt phase was over would have been a futility in that there was no legal ground for entitlement to such a benefit. Where co-defendants are tried together on a capital charge, there being no ground for a severance of the guilt-or-innocence phase of the trial, it is proper for the court to proceed with a joint sentencing trial so that the same jury that heard all the guilt-phase evidence can consider and weigh the relative roles and culpability of the offenders. As for appellant's contention that his counsel should have objected to the prosecutor's closing argument in which he sought a death recommendation for appellant without mentioning the co-defendant, we find that such argument was a matter of prosecutorial discretion and as such was not objectionable. The evidence showed that both appellant and his co-defendant were guilty of armed robbery but that as far as murder was concerned, appellant was the one who did the shooting. He was guilty of intentional murder and the co-defendant's guilt was based either on liability as an aider and abettor or the felony murder rule. The jury, in making capital sentencing recommendations, was entitled to consider this disparity of degree of participation in the murder. Thus there was no deficiency in the lack of objection by defense counsel on this point.
Appellant contends that defense counsel was ineffective in that he did not object to the prosecutor's argument that the two aggravating factors, "commission in the course of a robbery" and "commission for pecuniary gain" were both applicable. Appellant also faults defense counsel for not objecting to the argument that the murder was "especially heinous, atrocious, or cruel." While appellant now says his counsel should have sought to prevent such prosecutorial arguments by objecting, we find that defense counsel adequately discharged his duty by making responsive arguments to the jury and judge in rebuttal to those of the state on both of these points. We cannot conclude that there was a breakdown of the adversary process when the arguments of both sides were fully aired before the jury and the sentencing judge. Moreover, on appeal this Court found that the robbery and the pecuniary gain should have been considered as one and the same factor and that the murder was not especially heinous, atrocious, or cruel compared to other murders, but nevertheless concluded that the sentence of death was still appropriate under the circumstances despite the errors. By arguing these points at trial and preserving them for review, defense counsel performed his adversary role properly.
Having found all of appellant's ineffectiveness claims to be without merit, and his other claims to be not cognizable in this proceeding, we affirm the denial of the motion for post-conviction relief.

HABEAS CORPUS
In his petition for habeas corpus Maxwell claims that the legal representation provided to him in connection with his previous appeal of convictions and sentence was inadequate and that the lack of adequate legal counsel deprived him of a complete and meaningful appellate process. To be legally and constitutionally sustainable, petitioner's convictions and sentence of death are required to have been tested by a full and meaningful appellate review process. See Proffitt v. Florida; §§ 921.141, *934 924.06, Fla. Stat. (1981). The same judicial test set forth above in connection with the claim of ineffective trial counsel applies to a claim of ineffective appellate counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Petitioner contends that he is entitled to a renewed appeal of both his convictions and his sentence of death on the ground of ineffective counsel because his appellate counsel failed to argue that the trial court had erred in excluding a prospective juror for cause based on views about capital punishment. As noted in this Court's opinion issued in deciding petitioner's appeal, however, the question was not preserved for appeal by means of an objection at trial. The present petition identifies a different prospective juror as having been improperly excused for cause as the basis for ineffectiveness of appellate counsel in not arguing it. Petitioner cannot prevail on this claim. In the first place, appellate counsel, had he raised the matter, would have been barred from relief by the lack of an objection at trial. Secondly, the record shows that both prospective jurors were properly excused for cause. Wainwright v. Witt, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985).
Next petitioner argues that his appellate counsel was deficient in not arguing on appeal that his rights as a defendant at trial were violated by his prejudicial display in custody of officers before the panel of prospective jurors. Although defense counsel at trial moved to strike the jury venire on the ground of prejudice caused by the close escort by officers, we do not find that appellate counsel was required to argue this specific contention in order to be a reasonably effective appellate advocate. As this was not a case in which the accused was shackled to his chair or presented in prisoner's clothing, and the viewing of the defendant in custody was by a jury venire rather than the actual jurors who heard the case, it is highly unlikely that counsel could have persuaded this Court that reversible error had occurred. See, e.g., Johnson v. State, 465 So.2d 499 (Fla.), cert. denied, ___ U.S. ___, 106 S.Ct. 186, 88 L.Ed.2d 155 (1985). Much more extreme measures have been justified when determined to be necessary to courtroom security. United States v. Theriault, 531 F.2d 281 (5th Cir.), cert. denied, 429 U.S. 898, 97 S.Ct. 262, 50 L.Ed.2d 182 (1976).
Petitioner contends that appellate counsel was ineffective in that he did not argue that the trial court's instructions to the jury on sentencing had improperly limited the jury's consideration of mitigating factors to only the mitigating circumstances listed in the sentencing statute and that the sentencing court also limited itself similarly in its consideration of mitigating factors. With regard to this specific sentencing issue, we conclude that appellate counsel could reasonably have determined that such an argument did not contain much promise of success on appeal. There was no objection at trial, so there could have been no relief on appeal unless this Court had perceived fundamental error. Jent v. State, 408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982); Demps v. State, 395 So.2d 501 (Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981). The trial court had freely permitted testimony and evidence on non-statutory matters to be presented to the jury, thus indicating that the court and the jury correctly understood that they were not limited in their evaluation of evidence in mitigation. Moreover, this Court has held many times that the standard sentencing instructions such as those given in this case do not have the effect of imposing improper limitations on the consideration of mitigating circumstances. See Straight v. Wainwright, 422 So.2d 827 (Fla. 1982); Songer v. State, 365 So.2d 696 (Fla. 1978) (on rehearing), cert. denied, 441 U.S. 956, 91 S.Ct. 2185, 60 L.Ed.2d 1060 (1979).
Finally appellant argues that there was deficient performance of appellate counsel by reason of a lack of adequate appellate argument on the appropriateness of the death sentence. We reject this argument. In deciding the appeal this Court provided an independent review of the sentence, *935 even rejecting certain erroneous aggravating circumstances and removing them from consideration on its own motion. The lack of appellate argument on the propriety of the death sentence was not, under the circumstances of this case, a serious impairment of the right of effective assistance of counsel in the appellate review process. Appellate counsel did present arguments concerning the procedural fairness and reliability of the trial and the sentencing process. Counsel was not required, in order to be considered effective, to make a separate attack on the propriety of the death sentence. Counsel could reasonably have concluded that it would have been futile to argue that the death sentence was inappropriate in a case where the evidence showed premeditated murder in the course of a robbery and the jury recommended a sentence of death. We therefore conclude that petitioner received effective assistance of counsel on appeal of his sentence of death and is not entitled to a renewed appeal thereof.
Accordingly, the petition for writ of habeas corpus is denied. As was stated previously, the denial of the motion for post-conviction relief is affirmed. The previously entered stay of execution is vacated.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] The prisoner's convictions and sentence of death were affirmed on appeal by this Court. Maxwell v. State, 443 So.2d 967 (Fla. 1983).