GRIMES, Justice,
dissenting.
Because Maxwell was not constrained in his presentation of nonstatutory mitigating evidence, the only issue before us is whether the giving of the jury instruction which could have limited the jury’s consideration of such evidence was harmless error. In order to evaluate this issue, it is first necessary to consider the circumstances of the crime itself, and these are described in our original opinion:
The appellant, Chester Maxwell, and his co-defendant, Dale Griffin, were found guilty by a jury and convicted of the murder of Donald Klein. The evidence showed that Mr. Klein was playing golf with three friends at the Palmaire Country Club in Pompano Beach, Bro-ward County, when Maxwell and Griffin approached. Griffin grabbed one golfer and held a knife to his throat while appellant pulled out a revolver. The assailants robbed three of the men of their money, the fourth golfer having nothing of value on his person. From Donald Klein appellant took a gold bracelet, a gold chain and some gold pendants. Appellant also demanded Mr. Klein’s gold ring. When Klein protested that his wife had given him the ring, appellant shot him in the chest. He died within minutes. Both the heart and the lungs were severely damaged by the bullet, which was a .22 caliber rifle bullet cut off at the nose so it would fit into the pistol’s chamber.
Maxwell v. State, 443 So.2d 967, 968 (Fla.1983).
In that opinion, we determined that there were two valid statutory aggravating circumstances, i.e., prior violent felony and murder committed during the course of a robbery. There were no statutory mitigat *494 ing circumstances. There was no mental mitigating evidence. The essence of the nonstatutory mitigating evidence now relied upon by Maxwell is that he was raised in impoverished circumstances first by his grandmother and then his father and that he was helpful to some of his neighbors. The fact that his accomplice in the crime received only a life sentence while Maxwell received a sentence of death cannot be deemed mitigating because it was Maxwell who cold-bloodedly shot the victim.
The weakness of this nonstatutory evidence was highlighted when, in rejecting the claim of ineffectiveness of counsel for failing to present more evidence of Maxwell’s background, this Court said:
Moreover, it is highly doubtful that more complete knowledge of appellant’s childhood circumstances, mental and emotional problems, school and prison records, etc., would have influenced the jury to recommend or the judge to impose a sentence of life imprisonment rather than death.
Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla.), cert. denied, 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986).
The Hitchcock error in this case was clearly harmless beyond a reasonable doubt. I would affirm the order denying Maxwell’s motion for postconviction relief.