WALLACE, Judge.
Rudolph Tyson appeals the trial court’s order that denied his motion for postcon-viction relief after an evidentiary hearing. In his motion, Tyson alleged that his counsel provided ineffective assistance at trial by failing to call Richard Harris as a witness for the defense. Harris witnessed two men rob a local business; one of the men had a handgun. Initially, Harris identified Tyson as the gunman. However, on the morning of Tyson’s trial, the State asked the trial court to treat Harris as a hostile witness because Harris had “essentially changed his story.” Tyson’s defense counsel knew that Harris had changed his account of the robbery in a manner that exculpated Tyson. However, insofar as the record reveals, defense counsel did nothing more than express a *1049 concern that the State should not call Harris solely for the purpose of impeaching him. Harris did not testify.
At the evidentiary hearing on Tyson’s postconviction motion, Harris testified that Tyson did not commit the armed robbery. Harris explained his reasons for originally identifying Tyson as the gunman. Harris stated that he could have testified at trial that Tyson’s physical characteristics differed from the physical characteristics of the gunman. Harris asserted that he had tried to speak with defense counsel on the morning of the trial, but defense counsel refused to speak with him. Unfortunately, defense counsel was unavailable to testify at the evidentiary hearing.
To succeed on a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test outlined in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must identify particular acts or omissions of the lawyer that were outside the broad range of reasonably competent performance under prevailing professional standards. Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla.1986). Second, the defendant must show that the lawyer’s deficient performance prejudiced the defense, so affecting the fairness and reliability of the proceedings that confidence in the outcome is undermined. Id. The circuit court denied Tyson’s postconviction motion after considering only the second prong of Strickland.
The circuit court ruled that Tyson failed to prove how defense counsel’s failure to call Harris as a witness prejudiced the defense. To reach this conclusion, the circuit court relied on the testimony of Kenneth Austin, one of Tyson’s codefendants. Austin did not testify at Tyson’s trial. He testified at the evidentiary hearing — over a defense objection on grounds of relevance — that Tyson was the gunman. The circuit court deemed Austin more credible than Harris and Tyson. Based on Austin’s testimony at the evidentiary hearing implicating Tyson as the gunman and another co-defendant’s trial testimony to the same effect, the circuit court concluded that Harris’s testimony exculpating Tyson of involvement in the robbery would not have changed the outcome of the trial.
Strickland teaches that in assessing the prejudice resulting from counsel’s errors, “a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.” 466 U.S. at 695, 104 S.Ct. 2052 (emphasis supplied). It follows- that posttrial corroboration of Tyson’s participation in the robbery by a codefendant who did not testify at trial was irrelevant to the assessment of the prejudice resulting from defense counsel’s failure to call Harris as a trial witness. We reverse the order denying Tyson’s motion for postconviction relief because the circuit court erred in considering Austin’s testimony to make its determination that Tyson did not establish the second prong of Strickland. We remand for additional proceedings for the circuit court to revisit Tyson’s motion in the light of the evidence that was before the jury at Tyson’s trial.
For purposes of remand, we note that a trial judge’s capacity to determine the credibility of witnesses in a postconviction motion is more limited when the trial judge is determining whether the failure to call a particular witness prejudiced the defendant. Light v. State, 796 So.2d 610, 617 (Fla. 2d DCA 2001). The task of the trial judge is not to examine whether he or she believes the evidence presented at the postconviction hearing rather than the contradictory evidence presented at trial; instead, the trial judge must determine whether the nature of the postconviction evidence is such that a reasonable jury may have believed it. Id.
*1050 Because defense counsel was unavailable to testify at the evidentiary hearing below, both the circuit court and the parties focused their attention on the prejudice issue to the virtual exclusion of the issue of deficient performance. Thus the critical question of whether defense counsel’s performance was reasonable under prevailing professional norms — considering all of the circumstances and viewed from defense counsel’s perspective at the time of trial— was never fully explored. See id. at 615— 16. Accordingly, the circuit court shall allow both the State and Tyson to present additional evidence on remand directed to the issue of deficient performance. See Parker v. State, 903 So.2d 888 (Fla. 2d DCA 2005).
Reversed and remanded for further proceedings.
FULMER, C.J., and STRINGER, J., Concur.