WARNER, J.
Terrance Schofield appeals the denial of his motion for postconvictión relief after an evidentiary hearing. He claimed his counsel was ineffective in failing to secure the attendance of a key defense witness at trial who would have supported his self-defense claim. The trial court denied the motion, concluding that this was a strategic decision by the defense attorney. Although there was no evidence presented that the defense attorney made a strategic decision not to call this witness, we conclude that the record supports a finding that the witness’s testimony would not have resulted in a different outcome. We also hold that he has failed to prove the Strickland[1] prejudice prong as to his second claim that defense counsel failed to object to his mother’s inadvertent exclu *991 sion from the courtroom. We therefore affirm.
Schofield was tried and convicted of attempted first degree murder and burglary of a dwelling while armed. He claimed self-defense at trial. He filed a motion for postconviction relief alleging that his attorney failed to secure the attendance at trial of one Maquette Biggoms, whom Schofield said was' with him on the night of the incident and witnessed it. Specifically, his motion stated that the attorney had contacted Biggoms when Biggoms was in jail, and the attorney knew of the testimony he could provide. Nevertheless, he failed to secure Biggoms’s presence at trial.
Attached to the motion was an affidavit of Biggoms detailing the testimony that he would have given at trial. In general terms, he said that he accompanied Scho-field on foot to Schofield’s wife’s house. There, a babysitter let Schofield in, but Biggoms stood to the side and the babysitter did not see him. He then heard scuffling and saw Schofield and the victim come outside. He saw the victim with a gun, heard a shot, and then ran away to find Schofield’s brother. The shot, according to Schofield, was from the victim’s gun and hit Schofield in the left hand. Scho-field then stabbed the victim in self-defense, but Biggoms did not see that.
Biggoms was listed as a witness. At trial the defense attorney asked to have Biggoms brought over from the county jail but said, “He’s a small witness but we need him here.” When told that Biggoms was in the hospital, the attorney did not request a ' continuance and proceeded through trial without him.
At the hearing on the motion for post-conviction relief, Biggoms testified to the facts in his affidavit. He said that he spoke several times to the defense attorney. However, the defense attorney testified that he did not remember talking to Biggoms at all. Had he known the facts in the affidavit, Biggoms would have been the primary witness for the defense, because he was an eyewitness to the incident and would testify that he saw the victim with a gun and Schofield trying to protect himself from the victim. The prosecutor brought out some discrepancies in Biggoms’s version of events and conflicts with the other witnesses in' the case.' Biggoms also admitted to several felony convictions.
The court denied the motion, but the order is perplexing. The court found:
Attorney Fromang explained his strategy in failing to call the witness, Marquette Biggoms. He said' that he was not a credible witness and that there was a conflict in the witness’ testimony with two versions of what actually happened. The attorneys [sic] decision to proceed with the trial without calling Mr. Biggoms was both strategic and reasonable because the witness was not credible and there was a conflict in the witnesses [sic] testimony. (Citation omitted). In addition, the evidence was overwhelming that the Defendant committed the offense and there is nothing to show that Mr. Biggoms [sic] testimo7 ny would have changed the outcome of the jury’s decision. (Footnote omitted).
None of these facts appear anywhere in the record, nor are they reasonable conclusions from the evidence presented. The attorney did not remember speaking to Biggoms, nor was his failure to call Big-goms a matter of trial strategy.
Florida law has followed the United States Supreme Court’s decision in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), on the elements of a claim of ineffective assistance of trial counsel. Two elements must be demonstrated:
*992 First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined.
Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla.1986).
Ineffective assistance of counsel claims present mixed questions of law and fact and therefore are subject to plenary review. Stephens v. State, 748 So.2d 1028, 1032 (Fla.1999). Under this standard, the reviewing court must conduct an independent review of the trial court’s legal conclusions while giving deference to the trial court’s factual findings, upon a showing that they are supported by substantial, competent evidence. Sochor v. State, 883 So.2d 766, 781 (Fla.2004); Porter v. State, 788 So.2d 917, 923 (Fla.2001).
Because the trial court’s findings with respect to lawyer competence, the first prong of the Strickland test, are not supported by competent, substantial evidence, we can give them no deference. The evidence suggests that the attorney knew of Biggoms but did not know what an important witness he was to the defense. Two inferences may be drawn from the evidence. One inference is that the lawyer was never told by Schofield or Big-goms of his crucial testimony, suggesting that Biggoms is not credible, and the lawyer could not be deemed less than competent for failing to call Biggoms. The second inference is that the lawyer knew about Biggoms but never interviewed him to find out what an important witness he would be. This would suggest a lack of competence of the lawyer’s part. Because the trial court failed to make proper findings, we must conclude that for the purposes of this appeal, the record supports the claim of ineffective representation.
The second prong of the Strickland test requires the defendant to prove prejudice. The question is whether Biggoms’s testimony would have changed the outcome of the jury’s decision. In this context, prejudice means the following: In order for the defendant “[t]o establish that counsel’s deficient performance prejudiced his defense, ‘he must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ ” Hendrix v. State, 908 So.2d 412, 419 (Fla.2005) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). The trial court stated: “In addition, there is nothing to show that Mr. Biggoms [sic] testimony would have changed the outcome of the jury’s decision.” This is a legal conclusion based upon the facts presented at the hearing. We must determine whether this conclusion is supported by competent, substantial evidence.
Biggoms testified at the hearing. Cross-examination revealed several significant inconsistencies in his testimony as well as substantial conflicts with the testimony of witnesses at trial. Contrary to the testimony of Schofield and Biggoms, Schofield’s estranged wife and her sister both testified that Schofield came through a window opening and began attacking the wife’s sister and the victim. Blood was all over the home. Neighbors also testified that they saw Schofield repeatedly stabbing the victim outside their apartment.
The testimony of the defense witnesses was also contrary to Biggoms’s testimony. The defense witnesses claimed that Scho-field came to his wife’s house and was let in by the babysitter. The victim arrived and a scuffle broke out in which the victim *993 shot Schofield with a gun outside the house before Schofield defended himself with a knife. However, one defense witness testified that he drove Schofield to his wife’s house where the incident took place, whereas Biggoms testified. that he and Schofield walked there. The babysitter stated she opened the door for Schofield and then the victim came in. While Scho-field and Biggoms both testified that the victim pulled a gun and shot Schofield outside the house, the babysitter did not see a gun or hear any shots. At trial the prosecution asserted that this incident with the babysitter was a different incident than the attempted murder.
Even without Biggoms, Schofield was able to present witnesses to support his self-defense theory. Therefore, failure to call Biggoms as a witness did not deprive Schofield of presenting a defense to the jury. Biggoms’s testimony would be cumulative of some of the evidence of self-defense and contradictory of other key points of his self-defense theory.
Based upon our independent review of the record, the trial court’s conclusion that Biggoms’s testimony would not have changed the result is supported in the record. The first element of. Strickland has been satisfied in that the attorney failed to call a defense witness with important information, and no strategic reason appears for this failure. However, Scho-field has failed to satisfy the second prong requiring proof of prejudice.
Schofield also raises his attorney’s failure to object to the exclusion of his mother from the courtroom during a portion of the trial as ineffectiveness. The mother was excluded when the judge ordered all spectators out of the courtroom because most of them were witnesses. The mother was not a witness. Schofield claims that his attorney did not object, and Schofield was deprived of a right to a fan-trial, citing Williams v. State, 736 So.2d 699 (Fla. 4th DCA 1999), in which this court said that exclusion’ of a defendant’s family members during voir dire violated the defendant’s right to a fair trial under the Sixth Amendment. We receded from a portion of that opinion in Alvarez v. State, 827 So.2d 269 (Fla. 4th DCA 2002), concluding that the exclusion of a family member from a court proceeding is not a ‘structural defect’ amounting to a fundamental error and can be waived. Regardless, the Strickland standard applies. Schofield has not demonstrated how the result, of the proceedings would have been different but for his mother’s absence from the courtroom. The trial court did not err in so holding.
Affirmed.
STEVENSON, C.J. and TAYLOR, J.,' concur.

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).