PER CURIAM.
 

 This case is before the Court on appeal from an order denying Rory E. Conde’s first motion to vacate his first-degree murder conviction and sentence of death under Florida Rule of Criminal Procedure 8.851 after an evidentiary hearing. Because the order concerns postconviction relief from a capital conviction for which a sentence of death was imposed, this Court has jurisdiction.
 
 See
 
 Art. V, § 3(b)(1), Fla. Const. We affirm the postconviction court’s order denying relief.
 

 I. FACTS AND PROCEDURAL HISTORY
 

 The facts of the underlying crime are set out in this Court’s opinion on Conde’s direct appeal,
 
 Conde v. State,
 
 860 So.2d 930 (Fla.2003). We summarize them here only briefly. On January 13, 1995, Conde picked up Rhonda Dunn, a prostitute, and took her to his apartment. After engaging in sexual relations, Conde followed her out of the room and strangled her to death. Conde then drove to another location and left her body on the side of the road. Conde had done the same on five prior occasions to five other prostitutes. This series of murders was preceded by the breakup of Conde’s marriage, which occurred when his wife discovered that Conde was using the services of prostitutes. Conde was arrested in June 1995, after fire rescue personnel discovered a woman, naked and bound in duct tape,
 
 *662
 
 trapped in his apartment. Conde later confessed to all six murders and stated that after each murder, he knelt over the deceased body and verbally blamed the victim for his marital problems.
 

 Conde was charged with the first-degree murder of all six victims. The counts were severed and his first trial, held in October 1999, was for Dunn’s murder. The trial court permitted the State to introduce
 
 Williams
 

 [1]
 

 rule evidence of the other five murders. The jury found Conde guilty of first-degree murder and recommended the death penalty by a nine-to-three vote. The trial court imposed a sentence of death, finding three aggravating circumstances,
 
 [2]
 
 one statutory mitigating circumstance,
 
 [3]
 
 and five nonstatutory mitigating circumstances.
 
 [4]
 

 Conde, 860
 
 So.2d at 937-38. On direct appeal, Conde raised thirteen claims.
 
 [5]
 
 This Court affirmed.
 
 See id.
 
 at 959. Conde then filed the present rule 3.851 motion, wherein he raised seven claims.
 
 [6]
 
 The postconviction court conducted a
 
 Huff
 

 [7]
 

 hearing and then held an evi-
 
 *663
 
 dentiary hearing.
 
 [8]
 
 The postconviction court ultimately denied relief on all grounds and this appeal followed, wherein Conde raises five claims.
 
 [9]
 

 II. APPLICABLE STANDARDS
 

 Pursuant to the United States Supreme Court’s decision in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we have held that for ineffective assistance of counsel claims to be successful, two requirements must be satisfied:
 

 First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined.
 

 Maxwell v. Wainwright,
 
 490 So.2d 927, 932 (Fla.1986). This requires that the defendant show that “counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.”
 
 Strickland,
 
 466 U.S. at 687, 104 S.Ct. 2052. Next, the reviewing court must determine whether there is a reasonable probability that, but for the deficiency, the result would have been different.
 
 Id.
 
 at 694, 104 S.Ct. 2052. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.”
 
 Id.
 

 Under the
 
 Strickland
 
 standard, the Court employs a mixed standard of review, deferring to the postconviction court’s factual findings that are supported by competent, substantial evidence, but reviewing legal conclusions de novo.
 
 Sochor v. State,
 
 883 So.2d 766, 771-72 (Fla.2004).
 

 III. ISSUES ON APPEAL
 

 First, Conde contends that trial counsel was ineffective for failing to object to several allegedly improper prosecutorial statements made during closing arguments. The postconviction court summarily denied this claim, stating that the “[d]e-fendant cannot show prejudice pursuant to
 
 Strickland, supra.”
 
 We find that the prosecutor’s comments were insufficient to undermine confidence in the outcome as required under the
 
 Strickland
 
 prejudice standard.
 
 See Maxwell,
 
 490 So.2d at 932;
 
 see also Hitchcock v. State,
 
 755 So.2d 638, 643 (Fla.2000) (“Any error in prosecutorial comments is harmless if there is no reasonable probability that those comments
 
 *664
 
 affected the verdict.”) (citing
 
 King v. State,
 
 628 So.2d 486, 487 (Fla.1993)). “Faüure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.”
 
 Strickland,
 
 466 U.S. at 700, 104 S.Ct. 2052. Having reviewed this claim, we find that Conde has failed to demonstrate that trial counsel was ineffective under
 
 Strickland.
 
 Accordingly, we affirm the postconviction court’s denial of relief.
 

 In his second claim, Conde argues that the postconviction judge erred by not allowing Conde’s expert to testify to the prevailing norms of effective representation in capital cases relevant to Conde’s proceeding. Because we resolve the ineffectiveness issues in this case based on the prejudice prong of
 
 Strickland,
 
 we decline to address this issue. Accordingly, we deny relief on this claim.
 

 In his third claim, Conde argues that his trial counsel was deficient in failing to timely discover and introduce the testimony of Chaplain Bazaro. Bazaro allegedly would have testified that Conde confided to him that Conde had been sexually abused as a child. Conde alleges that this testimony would have refuted the State’s claim that he recently fabricated his claims of abuse. We affirm the post-conviction court’s denial of relief. This Court has already considered this claim in another form. In Conde’s direct appeal, he alleged that the trial court erred by excluding Chaplain Bazaro’s testimony. He raised the same substantive reasons there that he raises now in the guise of an ineffective assistance claim. This Court denied relief on direct appeal, explaining that “even if the trial court erred in excluding the chaplain’s testimony, the error was harmless beyond a reasonable doubt under the standard set forth in
 
 State v. DiGuilio.” Conde,
 
 860 So.2d at 958. Because this Court has already held that the exclusion of Bazaro’s testimony was harmless error, Conde cannot establish prejudice in his ineffective assistance of counsel claim.
 
 See, e.g., Cox v. State,
 
 966 So.2d 337, 347-48 (Fla.2007). Accordingly, this claim is meritless.
 

 Conde next alleges that his trial counsel was ineffective for failing to convey the negative impact on possible mitigation which resulted from a retracted plea offer of life imprisonment and for failing to seek enforcement of the plea offer. The postconviction court denied this claim. We affirm that denial. Though the postconviction court originally denied an evidentiary hearing on this issue at the
 
 Huff
 
 hearing, the court nevertheless received evidence at the evidentiary hearing over the State’s objection. The postconviction court noted the testimony from the evidentiary hearing claiming generally that once the plea offer was revoked, other potential witnesses in the case lost interest and stopped volunteering to help the defense team.
 
 Id.
 
 The postconviction court then denied relief because Conde had not alleged which witnesses lost interest and failed to testify or allege what their testimony would have been. The court further held that the claim was refuted by the record since coworkers as well as neighbors testified at trial on Conde’s behalf.
 
 Id.
 

 In making an ineffective assistance of counsel claim, Conde was required to “identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards.”
 
 Maxwell,
 
 490 So.2d at 932. Further, he had to show that some defi
 
 *665
 
 ciency “so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined.”
 
 Id
 
 Conde has not done either. He has not established what, if any, negative result occurred. He has not established who the additional witnesses were, what they would have testified to, or otherwise established how any disinterest resulting from the retracted plea agreement prejudiced him. He has also failed to explain what information the additional witnesses or additional evidence would have provided that was not already given by the witnesses who did testify in his defense.
 

 By failing to demonstrate that additional witnesses would have testified and what those witnesses would have said, failing to explain how that testimony would improve on the testimony that was given in his case, and failing to explain how the additional testimony would interact with the other evidence and circumstances of his case, Conde has also failed to establish that he suffered any prejudice from counsel’s alleged deficiencies. These burdens of proof and of pleading were Conde’s to carry.
 
 See Strickland
 
 466 U.S. at 687, 104 S.Ct. 2052;
 
 see also Chavez v. State,
 
 12 So.3d 199, 213 (Fla.2009) (“The defendant has the burden of affirmatively establishing each prong of the
 
 Strickland
 
 standard.”). Accordingly, because Conde failed to establish prejudice under
 
 Strickland
 
 we affirm the postconviction court’s denial of relief.
 

 In Conde’s final claim, he argues that the postconviction court improperly denied his
 
 Ring v. Arizona,
 
 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), claim. This claim is procedurally barred as it was raised and rejected in Conde’s direct appeal.
 
 See Conde,
 
 860 So.2d at 959 (“Conde asserts that Florida’s capital sentencing scheme violates the United States Constitution under the holding of
 
 Ring v. Arizona
 
 .... We find that Conde is ... not entitled to relief on this claim.”). Even if this claim were not barred, this Court has consistently rejected
 
 Ring
 
 claims similar to those Conde raises.
 
 See, e.g., Doorbal v. State,
 
 837 So.2d 940, 963 (Fla.2003). Finally, Conde’s case involved the prior violent felony aggravator. This Court has held that this aggravator satisfies the requirements of
 
 Ring. See, e.g., Rodgers v. State,
 
 948 So.2d 655, 673 (Fla.2006). Thus, we affirm the postconvietion court’s rejection of this claim.
 

 Conde has failed to demonstrate that he was prejudiced by any of the alleged deficiencies below and is not entitled to the requested relief. Accordingly, we affirm the postconviction court’s order denying Conde’s 3.851 motion.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 .
 
 Williams v. State,
 
 110 So.2d 654 (Fla.1959) (permitting introduction of evidence of other crimes in particular circumstances).
 

 [2]
 

 . The trial court found the following aggrava-tors: (1) heinous, atrocious, or cruel (HAC); (2) cold, calculated, and premeditated (CCP); (3) and prior violent felony.
 

 [3]
 

 . The trial court found the following statutory mitigator: Conde had no significant history of prior criminal activity (moderate weight).
 

 [4]
 

 . The nonstatutory mitigation was as follows: (1) Conde’s positive influence on family despite adversity (moderate weight); (2) his good employment background (moderate weight); (3) his relationship with his children (given moderate weight); (4) Conde's mental and emotional problems (given little weight); and (5) his status as model inmate (little weight).
 

 [5]
 

 . Conde alleged error in the guilt phase, arguing that the trial court erred when it (1) denied his cause challenges to prospective jurors; (2) granted the State's motion to strike a prospective juror for cause; (3) denied Conde’s motion for judgment of acquittal; (4) admitted
 
 Williams
 
 rule evidence of the other five murders; (5) admitted certain testimony concerning other crimes, a police officer's warning to the victim about "the Tamiami strangler,” and Conde’s alleged flight at the time of his arrest; (6) failed to limit certain prosecutorial comments during the guilt-phase opening and closing arguments; and (7) denied Conde’s motion to suppress his confession.
 

 Conde also alleged error in the penalty phase, claiming that the trial court erred by (8) finding the CCP and HAC aggravators; (9) rejecting certain mitigating circumstances; (10) allowing the admission of details regarding Conde's prior violent felony and allowing prosecutorial arguments regarding collateral crimes; (11) excluding mitigation testimony from a jail chaplain on the basis of a discovery violation; (12) imposing a disproportionate death sentence; and (13) not recognizing Florida’s capital sentencing scheme as unconstitutional.
 

 [6]
 

 . Conde argued that (1) certain public records were withheld from him; (2) application of rule 3.851 violated his rights because he could not file shell motions; (3) his counsel was ineffective for failing to object to prosecu-torial comments in closing arguments; (4) his counsel was ineffective for failing to investigate mitigating evidence involving Dan Baza-ro, a chaplain at the jail where Conde was held after his arrest, and for failing to sufficiently prepare and use family members in Colombia, and Conde's rights under
 
 Ake v. Oklahoma,
 
 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), were violated; (5) counsel was ineffective for failing to sufficiently address the witness disinterest that resulted from the retracted plea agreement; (6) Florida's death penalty is unconstitutional; and (7) lethal injection and electrocution are cruel and unusual punishments and Conde is entitled to the protection of international treaties.
 

 [7]
 

 .
 
 Huff v. State, 622
 
 So.2d 982, 983 (Fla.1993) (requiring a hearing in postconviction cases "for the purpose of determining whether an evidentiary hearing is required and to hear legal argument relating to the motion.”).
 

 [8]
 

 . During the
 
 Huff
 
 hearing, Conde withdrew claim 1 (public records). The postconviction court summarily denied claim 2 (3.851 shell motions), part of claim 4 (ineffectiveness in investigating mitigation), claim 5 (plea offer fallout), and claims 6 and 7 (death penalty and methods of execution unconstitutional). However, Conde presented extensive testimony during the evidentiary hearings that addressed some of the summarily denied claims, including claim 4 (ineffectiveness of counsel regarding Chaplain Bazaro) and claim 5 (witness disinterest resulting from the retracted plea offer), because they were interrelated.
 

 [9]
 

 . Conde argues that the postconviction court erred in denying the following five claims: (1) counsel was ineffective for failing to preserve the record on appeal and object to certain prosecutorial comments made at trial; (2) the postconviction court erred in denying Conde’s use of an expert’s testimony as to counsel’s ineffectiveness; (3) counsel was ineffective for failing to discover Chaplain Bazaro; (4) counsel was ineffective for failing to properly address the negative impact on possible mitigation that resulted from the plea agreement retraction; and (5) Florida’s death penalty sentencing procedures are unconstitutional. We deny relief on all of the claims.