IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RICHARD V. FLETCHER,

      Appellant,

v.                                    Case No. 5D17-432

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 23, 2018

3.850 Appeal from the Circuit
Court for Orange County,
Renee A. Roche, Judge.

Paula C. Coffman, Orlando, for Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.

PER CURIAM.

      Appellant, Richard V. Fletcher, appeals the denial of his postconviction motion, after an evidentiary hearing, alleging that his counsel was ineffective for failing to call two witnesses who would have offered substantial testimony in support of his primary theory of defense. Specifically, at the evidentiary hearing, Appellant offered two witnesses who provided testimony to support the defense theory that the victim's mother, Appellant's

then wife, induced the victim to fabricate the allegations of lewd or lascivious molestation against Appellant so that the mother could engage in a relationship with Appellant's friend. We reverse for a new trial.

Ineffective assistance of counsel claims are evaluated pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). First, the claimant must demonstrate that his counsel was deficient by identifying particular acts or omissions of his trial counsel that are outside the wide range of reasonably competent performance under prevailing professional standards. *Conde v. State*, 35 So. 3d 660, 662 (Fla. 2010). Second, the movant must also allege prejudice by demonstrating a reasonable probability that the result of the proceeding would have been different but for his trial counsel's allegedly deficient performance. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Id.* (citing *Strickland*, 466 U.S. at 694). The failure to call a witness can constitute ineffective assistance of counsel if the witness might be able to cast doubt on the defendant's guilt. *Gutierrez v. State*, 27 So. 3d 192, 194 (Fla. 5th DCA 2010).

Here, the jury's verdict hinged on crediting the victim's and the victim's mother's testimony as there was no physical evidence of abuse. Without the testimony of two exculpatory witnesses, Appellant was unable to offer evidence to explain his theory of defense, which was alluded to at trial but not developed. Specifically, while defense counsel argued to the jury that the victim's mother wanted her then-husband, Appellant, out of her and her children's lives, defense counsel failed to establish a reason why she wanted Appellant out of the way. The two witnesses would have provided testimony to explain that the victim's mother allegedly wanted Appellant out of her and her children's

2

lives so she could engage in a relationship with Appellant's friend. Further, this testimony would have been damaging to the State's case in light of evidence offered at trial that Appellant's son asked the victim why she said things about his dad, and the victim responded that she had to or her mother would be mad at her. *See Fletcher v. State*, 177 So. 3d 1010, 1013 (Fla. 5th DCA 2015).

Notwithstanding, the postconviction court denied Appellant's motion below, reasoning that counsel could not have called the two witnesses at trial because the trial court had granted a motion in limine which would have barred their testimony. However, counsel herself inexplicably failed to oppose the motion in limine, stating at the hearing on the motion, "Your Honor, I can't think of a legal basis for which to allow that in." Of course, the legal basis would have been that the testimony was relevant, going to the issues of bias and motive of the victim's mother and the victim herself, which were central to Appellant's defense at trial, a defense that would have cast doubt on Appellant's guilt if believed by the jury. As a result, we cannot conclude that the order in limine excuses counsel's otherwise deficient performance for failing to call these two exculpatory witnesses. Thus, we find there is a reasonable probability that if defense counsel had presented the testimony of these two witnesses, the jury would have returned a verdict of not guilty. Accordingly, we reverse the postconviction court's order denying Appellant's motion for postconviction relief and remand for a new trial.

REVERSED AND REMANDED.

SAWAYA, EVANDER and EISNAUGLE, JJ., concur.

3